WALSH ET AL., APPELLANTS, v. CROFT, RESPONDENT.

(No. 1,689.)

(Submitted January 20, 1903.   Decided January 31, 1903.)

*Taxation—Lien on Personalty—Statutory Construction—Innocent Purchaser.*

Political Code 1895, Section 3827, provides that every tax has the effect of a judgment against the person, and every lien the force and effect of an execution duly levied against all personal property.   Section 3828 enacts that every personal property tax is a lien upon the owner's realty from noon of the first Monday in March, etc.   Section 3829 authorizes certain real property liens for real estate taxes.   *Held,* that no tax lien attached to assessed personalty, the owner of which owned no realty; and hence the sale for taxes of such personalty in the hands of an innocent purchaser should be enjoined.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

SUIT to enjoin a tax sale of personalty by J. A. Walsh and another, partners as Walsh & Walsh, against James M. Croft, as county treasurer of Fergus county.   From an order dissolving an injunction *pendente lite,* plaintiffs appeal.   Reversed.

*Messrs. Blackford & Blackford,* and *Mr. T. J. Walsh,* for Appellants.

*Mr. James Donovan, Attorney General,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

The defendants appeal from an order dissolving an injunction granted *pendente lite.*   The case is presented on the complaint, with an accompanying affidavit, the order granting a temporary injunction, the motion to dissolve the injunction, and the order granting the motion.

The facts alleged are as follows:   On the 28th day of Decem-

ber, 1900, appellants became the owners of certain personal property by purchase from one Larssen, who, on the 4th day of November, 1899, purchased the same from one T. J. Johns. The possession seems to have been delivered to each purchaser at the time of the purchase. In 1899 said personal property was duly assessed for taxation in Fergus county, and the taxes duly levied, said Johns being the owner of the property at the time. In 1900 such assessment was duly made, and taxies levied, Larssen being then the owner. None of the taxes so levied were ever paid. On the 30th day of April, 1901, the county treasurer seized a certain part of the property for the delinquent taxes for the year 1899, and a certain part thereof for the delinquent taxes for the year 1900, and, being about to sell the same at public sale, was enjoined as stated.

"Neither the said T. J. Johns nor the said W. W. Larssen was assessed with any real property in the said county of Fergus at the times aforesaid,"—this being an allegation in the complaint.

The law covering the matters treated of in the brief and argument of counsel is Sections 3827, 3828, and 3829 of the Political Code of 1895, which are as follows:

"Section 3827. Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent. The judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof.

"Sec. 3828. Every tax due upon personal property is a lien upon the real property of the owner thereof, from and after twelve o'clock m., of the first Monday in March in each year.

"Sec. 3829. Every tax due upon real property is a lien against the property assessed; and every tax due upon improvements upon real estate assessed to others than the owner of the real estate, is a lien upon the land and improvements; which several liens attach as of the first Monday of March in each year."

The complaint obviously, but in a lame way, presented to the

court the proposition that, whereas the treasurer was trying to enforce a supposed lien on personal property owned at the time of the seizure by one not the owner at the time or times the taxes became due, there was no lien, because there was no real estate upon which a lien could attach for the taxes on the personalty. Counsel apparently submitted, and the court evidently heard and determined, the motion to dissolve the temporary injunction without giving any consideration to the point attempted to be raised in the complaint; but the court determined the submitted question of whether or not there was a lien upon the personalty in question entirely upon the abstract proposition that every tax due upon personal property is a lien upon the real property of the owner of the personal property assessed, and, there being such a lien declared in Section 3828, *supra,* the court concluded that the language of Section 3827 in the same title, to-wit, "Every lien created by this title has the force and effect of an execution duly levied against all the personal property of the delinquent," imposes a lien upon such personal property whether the delinquent owns any real property or not. This is not a case of mere refusal of a temporary injunction, in the discretion of the court, pending a hearing on the merits and the final determination of the prayer for a permanent injunction, but is one in which the whole case was disposed of on the motion to dissolve the temporary injunction; the court, in effect, holding that *in all cases,* whenever taxes duly levied on personal property are not paid, such property can be taken by the treasurer from the possession of an innocent purchaser who has bought the same in good faith, and the same be sold by him to recover the said taxes; and that he may do this because the people have a lien thereon for such taxes. There is no such lien on personal property when the owner does not also own real property. (Section 3828.) Whether there can be a lien upon the personal property of the owner of real property is a question which is not before us for decision as the case is presented, or as it is likely to be presented, to the court upon a trial of the case on its merits when the pleadings are made up, and therefore the said question is reserved. If, after the issue is joined,

and a trial is had, it shall appear that the owners of the personal property were not, respectively, the owners of real property, then the respective levies of taxes, under any reasonable constructions of the sections, *supra,* could not constitute liens upon the personalty, for the statute only seems to declare that taxes due upon personal property, such as are in fact liens on real property, shall have the force and effect of an execution duly levied against all personal property of the delinquent. (Section 3827.)

We therefore conclude that the court erred in granting the order dissolving the injunction upon the case as presented. Reversed and remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*