(100 App. Div. 44)

. MILLARD v. BRECKWOLDT et al.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. TAXATION—SALES—RIGHTS OF PURCHASER—RIGHTS OF OWNER.

A purchaser at a tax sale has, during the period allowed for redemption, no estate in the land, or right to make use of it, but the legal title, and the right to the possession and enjoyment of the land, and all the rights incident to ownership, remain in the owner until the time for redemption has expired.

2. INJUNCTION.

A purchaser at tax sale has, before receiving his deed, merely a lien for the purchase money and interest, and in the absence of proof showing injury to that lien, equity will not enjoin the owner of the property from cutting timber or otherwise using the premises.

¶ 1. See Taxation, vol. 45, Cent. Dig. §§ 1463, 1489.

3. SAME.

Section 129 of the tax law (Laws 1896, p. 840, c. 908), which contemplates that one who has notice of a purchase at tax sale by a third party shall not despoil the land, is not intended to interfere with the usual enjoyment or reasonable use of the land.

4. SAME—NOTICE OF PURCHASER'S RIGHTS.

Section 129 of the tax law (Laws 1896, p. 840, c. 908), contemplating that one who has notice of the purchase of his land at tax sale by a third party shall not be permitted to despoil the same, and that after notice that his land has been sold for taxes he may be restrained from despoiling it, has no application where no notice of sale was ever given, and the puchaser waited until the time for redemption had expired before giving any intimation that he had any interest in the premises.

5. INJUNCTION—COSTS.

Where, in a suit to enjoin the cutting and removal of timber, plaintiff was not entitled to restrain a removal, and an injunction was not necessary to prevent further cutting, as defendant had no intention of violating plaintiff's rights, costs were properly awarded to defendant.

Appeal from Trial Term, Herkimer County.

Action by John H. Millard against Julius Breckwoldt and others. From certain portions of the judgment rendered, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Robert F. Livingston, for appellant.

George W. Ward, for respondents.

STOVER, J.   This is an action in equity, brought to restrain the removal of certain logs and timber from lands belonging to plaintiff, who claims under a tax title. Plaintiff received a certificate of sale December 10, 1900, and his tax deed January 23, 1902. The owners of the premises at the time of sale in December, 1900, were John Kreig, Henry Merz, and Henry Freygang, as executors, etc. On December 6, 1900, said owners entered into an agreement with the defendant Breckwoldt by which said Breckwoldt was given the right to cut and remove timber from the premises for the term of three years at a stipulated price of $2 per thousand stumpage, but not less than $200 in any year, and the further privilege of purchasing said premises within three years at a price of $5,000. Defendant Breckwoldt had no notice or knowledge of either nonpayment of tax, the advertisement of sale, nor the sale of the premises prior to the commencement of this action. No notice, as specified in section 129 of the tax law (Laws 1896, p. 840, c. 908), was ever served. The amount of the plaintiff's bid at the tax sale was $36.76. The first notice of the tax sale and of plaintiff's purchase received by any of the defendants was the bringing of this action on February 17, 1902. At the time plaintiff received his deed (January 23, 1902) there were certain logs and timber upon the premises, which had been cut and piled prior to the delivery of the deed by the defendant Breckwoldt, or those under him, under the agreement with the owners. The plaintiff obtained an injunction pendente lite· restraining the defendants from removing any of the timber or logs from the premises. The trial court dissolved the preliminary injunction, and

restrained only further cutting of timber, holding that defendant had a right to remove such timber as had been cut before plaintiff obtained his deed. It did not appear that defendant threatened or intended to cut any more timber.

We think the judgment of the trial court was right. The purchaser at a tax sale has, during the period allowed for redemption, no estate in the land. He has, consequently, no constructive possession of the premises, and no right to go upon them, or to make use of them. His entry upon the premises would be a trespass upon the possession, actual or constructive, of the owner, who might recover against him for any injury committed. Cooley on Taxation, 542. It follows that the owner, still having the legal title and entitled to possession of the premises, is entitled to the full enjoyment of the land and all rents and profits accruing. It is his right to cut and remove timber and generally to exercise all rights incident to ownership, and this right continues until the time for redeeming the land has fully expired. A tax title claimant cannot, therefore, maintain an action to recover the possession of timber cut on the land before the issuing of a tax deed. Black on Tax Titles, § 324, and cases cited. The purchaser, before receiving his deed, has a lien for the payment of the purchase money and the interest. Black on Tax Titles, supra. There are other features of this case which justify the judgment of the trial court. A court of equity will not impair the right of an owner to the enjoyment of his property further than may be necessary to protect the rights of the parties. The plaintiff, until he received his deed, had a lien for $36.76 and interest. There is no evidence that he was not amply secured, notwithstanding the cutting of the timber. He has bought for an almost nominal consideration a tract of land for which defendant was under the agreement to pay $5,000 if he purchased. In the absence of proof showing injury to plaintiff's lien, a court of equity ought not to destroy the property of defendant, and turn over to plaintiff a large amount of property, for which defendant has paid several hundreds of dollars. It does not appear that plaintiff has suffered any injury. He fails to show equities.

Plaintiff cites section 129 of the tax law. We think he is not in position to avail himself of that section. The section evidently contemplates that an owner, or another who has notice of a purchase by a third party shall not be permitted to despoil the land. It is not intended to interfere with the usual enjoyment or the reasonable use of land. It further contemplates a fair notice to the owner that his land has been sold for taxes, and, if then he shall persist in despoiling the land, he may be restrained. It can have no application to the case at bar, for neither the owner nor the defendants had any notice of the sale, and plaintiff waited until the time for redemption had expired before any intimation was given to any party interested that he had or claimed any interest in the premises. The section quoted (129) requires the notice as a prerequisite to the maintenance of an action.

The trial court awarded costs to defendant Breckwoldt. Plaintiff was not entitled to enjoin the removal of the timber, and the injunction was not necessary to prevent further cutting by defendant, as the court

has found that he did not intend to violate plaintiff's right, and the action was unnecessary. The judgment of the trial court was right, and should be affirmed.

Judgment affirmed, with costs. All concur.