LANCASTER COUNTY ET AL. V. MARY FITZGERALD ET AL.

FILED SEPTEMBER 20, 1905.    No. 13,869.

1. **Bond:** PLEADING. It is essential to a recovery on a bond to plead a breach of the condition, and a petition which fails to allege such breach is fatally defective.

2. **Waste:** COUNTY MAY MAINTAIN. When taxes against real estate are past due and unpaid, the county by which the taxes were levied may maintain a suit to restrain waste, where the acts complained of would reduce the value of the property to an amount insufficient to pay the taxes.

3. ——: ——. In order to maintain such suit it is not necessary that the county should first become a purchaser of the property at tax sale.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*James L. Caldwell, F. M. Tyrrell* and *Charles E. Matson,* for plaintiffs in error.

*J. C. McNerney, R. D. Stearns* and *Frank D. Eager,* contra.

ALBERT, C.

This suit was brought by Lancaster county in 1902 to restrain the defendants from removing a building from certain lots on which the county claimed a lien by virtue of taxes levied by said county under its general authority to levy and collect them. In its original petition the plaintiff alleged the levy of the taxes against the property for the years 1892 to 1901, inclusive; that said taxes were past due and unpaid; that the lots with the building thereon are of sufficient value to pay said taxes, but would be wholly insufficient therefor should said building be removed; that the defendant Eager was proceeding to raze said building, and to remove the same and the material of which it is constructed from said lots,

31

A temporary restraining order was allowed. Shortly afterwards the plaintiff and the defendant Eager entered into a written stipulation to the effect that the restraining order should be dissolved upon said defendants entering into a bond to the plaintiff, with sufficient sureties, conditioned "that in case the taxes, or any part thereof, set out in plaintiff's petition shall be finally decreed to be a lien upon the building and material taken therefrom by said defendant, as alleged in plaintiff's petition, said defendant shall pay the amount of said taxes to the plaintiff county, not exceeding the value of said building." In pursuance of this stipulation the defendant Eager, with the United States Fidelity & Guaranty Company, as surety, gave the bond, and thereupon the restraining order was dissolved. Thereafter, leave of court having first been obtained, the county treasurer filed a petition of intervention, and the plaintiff filed an amended and supplemental petition. The petition of intervention and the amended and supplemental petition are substantially the same. Both allege the due levy of taxes for 1892 to 1901, inclusive, upon said lots, and the nonpayment of such taxes; that the property had been duly offered for sale at tax sale, but had not been sold for want of bidders; that said taxes, including interest, penalties, etc., aggregate $600; that since the commencement of the action the defendant Eager had removed the building from said lots, and disposed of the material in such a way that it could no longer be identified; that by reason of the removal of said building the lots were not worth to exceed $50, whereas before said removal they were worth more than sufficient to satisfy the said taxes, interest, penalties, etc. Both pleadings also contain allegations showing the execution of the bond hereinbefore referred to, a copy of which is set out in said pleadings, the dissolution of the restraining order in pursuance of the stipulation, and the formal allegation that the plaintiff and intervener respectively have no adequate remedy at law. The surety on the bond was brought in as a party defendant, and both it and the de-

fendant Eager demurred to the amended and supplemental petition of the plaintiff, as well as to the petition of intervention. The several demurrers were sustained, and plaintiff's amended and supplemental petition, as well as the petition of intervention, dismissed. The case is here on error.

So far as the demurrers interposed by the Fidelity & Guaranty Company are concerned, we have no hesitation in saying that they were properly sustained. Its liability, if any, is on the bond. The condition of the bond is "that if it shall be finally decreed that said items of taxes, or any of them, are a lien on said property, including the building on said lots, and if, in that event, the said Frank D. Eager shall well and truly pay such taxes as decreed," etc. No breach of this condition is pleaded. On the contrary, the record shows affirmatively that the decree upon which the payment of the taxes by Eager is made contingent has never been entered. Until that decree is entered there can be no breach of the conditions, and until there is such breach there can be no recovery on the bond. This obstacle to a recovery is not overcome by the allegation that there is no adequate remedy at law. While that plight is often held sufficient to give a remedy, it is never held sufficient to create a right, nor to vary or modify the stipulated condition upon which the liability of a party to an obligation depends. What we have said with respect to the Fidelity & Guaranty Company applies to the defendant Eager, so far as the plaintiff and the intervener seek to recover on the bond, because his liability on the bond is to be tested by the same rules as that of his surety, so far as the sufficiency of the pleadings in question is concerned.

But where a pleading is assailed by a general demurrer, the question is whether it entitles him to any relief; and although, as we have seen, neither the plaintiff nor intervener can recover on the bond, it still remains to determine whether the facts pleaded by them entitle them to any form of relief. The theory of the plaintiff and the inter-

vener seems to be that this is an action in the nature of waste, and, while we agree in the view that both petitions are sufficient to charge the defendant with waste, we are met with the defendants' proposition that neither the plaintiff nor the intervener have sufficient title to maintain waste. We are not unacquainted with the technical rules which formerly prevailed with respect to the action of waste, and the action on the case in the nature of waste, but these rules have been greatly relaxed. An injunction restraining waste was granted at the suit of a judgment creditor, whose judgment was a lien on the premises, in *Vandemark v. Schoonmaker,* 9 Hun (N. Y.), 16, and *Witmer's Appeal,* 45 Pa. St. 455; at the suit of an attaching creditor in *Camp v. Bates,* 11 Conn. *51, 27 Am. Dec. 707. See also *Jones v. Britton,* 102 N. Car. 166; *Thompson v. Lynam,* 1 Del. Ch. 64; *Braswell v. Morehead,* 45 N. Car. 26.

By the provisions of the revenue law then in force the taxes were a lien on the real estate. Comp. St. 1901, ch. 77, art. I, sec. 138. The county treasurer was authorized to enforce the collection of the taxes by a sale. To that end he was the trustee of the state and the subdivisions thereof for whose benefit the taxes were levied. *Logan County v. Carnahan,* 66 Neb. 685. That being true, in view of the authorities cited, it is clear to us that the county treasurer, as such trustee, had a right to bring and maintain a suit of this character. But when the taxes are collected they pass to the county, which then becomes the trustee for their disbursement. *Logan County v. Carnahan, supra.* As between the treasurer and the county the latter is the party ultimately entitled to the taxes, or, in other words, the real party in interest, and, as such, is competent to bring and maintain this suit. It follows from what has been said that Eager's demurrers, not only to plaintiff's petition, but to the petition of intervention, should have been overruled, not on the ground that they state a cause of action on the bond, because they do not, but because they do state facts sufficient to constitute a

cause of action for waste. The defendant Fitzgerald appears to be only a nominal party, and for that reason this will be a sufficient reference to her.

It is therefore recommended that the decree of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.