### CARY v. KOERNER et al.

(Supreme Court, Special Term, Erie County. February, 1910.)

MUNICIPAL CORPORATIONS (§ 980*)—CERTIFICATES OF TAX SALE—ENFORCEMENT —LIMITATIONS.

One obtaining a certificate of sale for nonpayment of city taxes levied by the city of Buffalo becomes merely the owner of the lien of the city, which under City Charter (Laws 1891, c. 105) § 106, continues for 10 years only; and under Laws 1909, c. 384, amending the city charter by authorizing the holder of any certificate to sue for the sale of the property, but providing that nothing in the act shall be held to revive any demand, the enforcement of which is otherwise barred, an action for sale must be brought during the life of the lien.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2133; Dec. Dig. § 980.*]

Action by Thomas Cary against Hazel M. Koerner and another. Demurrer to answer overruled.

W. H. Cuddeback, for plaintiff.
Rebadow & Ladd, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BROWN, J. The charter of the city of Buffalo (Laws 1891, c. 105) was amended by chapter 384, Laws 1909, which provides:

"The holder * * * of any certificate of sale heretofore executed by the comptroller, instead of taking a conveyance of the property purchased, may recover the amount paid therefor as in such certificate mentioned * * * and for that purpose may maintain an action in the Supreme Court * * * to sell such real property."

"Nothing in this act contained shall be held to revive or validate any claim or demand, the enforcement of which is otherwise barred by lapse of time."

Under this statute the plaintiff seeks foreclosure and sale of the real property described in the complaint, and that out of avails of such sale he be paid the sums named in eight certificates of sales made by the comptroller during the years 1891 to 1897, upon sales of such real estate for nonpayment of city taxes levied and assessed against said lands during the years 1890 to 1897. The defendants allege as an affirmative defense that more than 10 years have elapsed since the taxes referred to in the complaint became a lien upon the premises, and that such taxes ceased to be a lien thereon before the commencement of this action. To this answer plaintiff demurs, upon the ground that the same is insufficient in law to constitute a defense.

By section 106 of the charter of the city of Buffalo it is provided that:

"All taxes and assessments shall be a lien upon the lands upon which they are assessed for ten years from the delivery of the tax or assessment roll to the treasurer, and the first publication of notice of receipt of same. * * * If the proceedings to enforce such liens have been stayed by a court or judge, the period of such stay shall not be taken as a part of said ten years."

It is the contention of the plaintiff that, the lands described in the complaint having been sold by the comptroller for nonpayment of taxes then a lien upon the premises, and certificates of such sale having been given, now owned by plaintiff, the plaintiff has acquired something more than a tax lien that expired in 10 years; that such certificate of tax sale gives to plaintiff an equitable lien upon or vested interest in the land, to enforce which an action may be maintained at any time within 20 years. The difficulty with such contention is that the purchaser of lands on a tax sale, obtaining a certificate of such sale, simply acquires the rights of the taxing power relative to such taxes and lands. The plaintiff, by obtaining the certificates of tax sales, did not acquire any interest, legal or equitable, in the lands that was not possessed by the city of Buffalo before the certificates were issued. He became the simple owner of the lien of the municipality for the taxes which was owned or held by it at the time of the sale. The plaintiff was the owner of a lien for the payment of the purchase money and interest he had invested in the land. He was the mere owner of an undischarged lien. Millard v. Breckwoldt, 100 App. Div. 44, 90 N. Y. Supp. 890; Williams v. Townsend, 31 N. Y. 411; People v. Bleckwenn, 126 N. Y. 310, 27 N. E. 376. The holder of such a certificate of tax sale has no right of possession of the lands taxed, could not maintain ejectment, and the statute fixing 20 years as the time in which such action may be brought has no application to plaintiff's cause of action.

It is only where notice to redeem has been served and owner is in default that right of possession accrues under the city charter.

The charter of the city of Buffalo provides that such lien exists for 10 years, unless a stay of proceedings to enforce such lien be granted by the court or a judge, in which case the period of such stay is not a part of the 10 years. The statement in the above-cited cases that such lien continues until the owner of the land makes redemption or the holder of the certificate of sale takes title to the property in the prescribed form has no application to the extension of the liens beyond the statutory period of 10 years. In those cases no consideration was given to the time limit of the lien. In Beard v. Allen, 141 Ind. 243, 39 N. E. 665, 40 N. E. 654, the state foreclosed its lien for unpaid taxes. A sale of land under the decree of foreclosure was had. It was held that the lien was not merged in the judgment and that the sale did not pay the taxes. In Kentucky Central Railroad v. Commonwealth, 92 Ky. 64, 17 S. W. 196, the lien of the tax was fixed at 5 years by statute. A common-law judgment was recovered for the taxes. The statute of limitations on the judgment was 15 years. Held, that the tax lien was not extended for the 15 years, but expired at termination of 5 years. In Boyd v. Ellis, 107 Mo. 394, 18 S. W. 29, it was held that a tax lien, having an indefinite time to run, was not merged in a tax judgment lien, so as to expire in 3 years, as did a general judgment lien.

The plaintiff acquiring no estate in the land by the purchase at the tax sale, he being a simple assignee of a tax lien, the statute fixing the limit of 10 years as the life of that lien, it necessarily follows that an action under chapter 384 of the Laws of 1909 must be brought during the lifetime of the tax lien. The provision that nothing in that act shall be construed as reviving a claim, the enforcement of which is otherwise barred by lapse of time, indicates that the remedy of foreclosure was solely to apply to certificates that were not 10 years old. Chapter 384 of the Laws of 1909 amends the charter of the city of Buffalo by adding several sections providing a remedy for the collection of taxes which are a lien upon real property, and such statute must be read in connection with section 106 of the charter. It does not create a new cause of action.

These conclusions lead to the result that the plaintiff's tax certificate, being more than 10 years old, cannot be the basis of an action under the act of 1909, that the defendant's answer is sufficient in law, and that plaintiff's demurrer must be overruled, with costs.