LANCASTER COUNTY, APPELLEE, v. MARY FITZGERALD ET AL.; FRANK D. EAGER, APPELLANT.

FILED APRIL 23, 1910. No. 16,011.

1. Appeal: LAW OF CASE. A decision of this court on a former appeal of a question of law presented by the record is thereafter the law of the case.

2. Evidence examined and referred to in the opinion, *held* sufficient to sustain the judgment of the district court.

3. Appeal in Equity: FINDINGS: REVIEW. "In a suit in equity, where the court makes special findings, and omits therefrom some fact, conclusively established by the evidence essential to the decree, such fact, on appeal to this court, will be treated as though found by the court." *Lynch v. Egan*, 67 Neb. 541.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*J. C. McNerney* and *R. D. Stearns*, for appellant.

*F. M. Tyrrell, Charles E. Matson* and *W. T. Stevens*, contra.

FAWCETT, J.

This case is here for the second time. Our former opinion (74 Neb. 433) contains a sufficient statement of the pleadings and facts. On the second trial in the dis-

trict court, plaintiff's suit was dismissed as to intervener Benjamin F. Knight, treasurer, and also as to all of the defendants except appellant Frank D. Eager. Judgment was entered in favor of the plaintiff, county of Lancaster, against defendant Eager for $544.11, and execution awarded. Defendant appeals.

The assignments of error set out and argued in defendant's brief are: "(1) The court had no jurisdiction of the subject matter of the action. (2) The judgment is not supported by the evidence and is contrary to the evidence. (3) The findings of the court do not support the judgment. (4) The judgment is contrary to law."

The first and fourth assignments were decided adversely to defendant on the former hearing. We there held that plaintiff's petition stated a cause of action for waste, and that a county may maintain a suit to restrain waste. The theory upon which defendant contends the court has no jurisdiction is that this is a suit for the collection of taxes, and that, the statute having pointed out an efficient and summary mode for the collection of taxes, that method is exclusive. Defendant's proposition of law is sound enough, but it is not applicable here, as this is not, in a strict sense, a proceeding to collect taxes. It was commenced as a suit in equity to restrain the commission of waste, the commission of which, if not enjoined, would make the collection of the tax impossible. After the suit was commenced, and a restraining order had been issued to prevent the commission of the waste, defendant obtained the execution of the stipulation and vacation of the restraining order as set out in our former opinion, and thereupon proceeded to remove the building; and if he is now permitted to prevail in this suit, plaintiff will be left without property of sufficient value from which to collect its past due and unpaid taxes. It goes without saying that defendant should not be permitted to thus escape, unless the court is powerless to prevent. This being a suit in equity, the court will extend its arm to its full length in an effort to prevent such an injustice.

Defendant's second assignment, that the judgment is not supported by the evidence, is clearly without merit. The restraining order was vacated on the strength of defendant's stipulation. Defendant's agreement, when he obtained the vacation of the restraining order, was that if it should finally be decreed that the taxes in controversy were a lien upon the building and material taken therefrom by defendant, and that the plaintiff had a right to enjoin the removal of said building, he would pay the amount of such taxes, not exceeding the value of said building. The evidence overwhelmingly establishes the fact that the building was worth not less than $1,500, and some witnesses place its value at much more than that. The amount of the taxes is shown by the undisputed evidence to be $589.24. The amount of the judgment is $544.11. These figures speak for themselves, and render discussion unnecessary to demonstrate that the judgment is fully sustained by the evidence.

The third assignment, that the findings of the court do not support the judgment, has a little more merit, but not much. No request was made for special findings, but the court on its own motion found specially as to some of the facts. The court first made a general finding in favor of the plaintiff and against the defendant. In the special findings, the court first finds that the taxes were properly levied and assessed for the years set out in plaintiff's petition, being from 1892 to 1901, inclusive. The second finding is that during all of said years there was upon the lots described in plaintiff's petition a large, two-story brick building, which was affixed to the realty and made a part thereof, and that the taxes levied upon said property included taxation upon said building as an improvement. Third. That defendant Eager purchased the building and commenced to tear the same down, intending to remove it from the premises, with full notice and actual knowledge of the lien of said taxes. Fourth. That the restraining order referred to was allowed. Fifth. The entering into the stipulation. Sixth. That, in pursuance

of the stipulation, defendant Eager entered into the bond called for therein, and that, "in pursuance to said stipulation and bond, the court entered an order dissolving said restraining order." Seventh. That at the commencement of this action plaintiff was entitled to an injunction restraining the removal of the building. Eighth. "That there is now due said plaintiff from defendant Frank D. Eager, in consideration of the said stipulation heretofore described herein, the sum of $544.11, for which amount with interest thereon at the rate of 10 per cent. per annum from this date until paid, together with the costs of his action, the said plaintiff is entitled to judgment." Ninth. That intervener has no interest in the action, and his petition should be dismissed. Tenth. That the cause should be dismissed as to all of the defendants other than defendant Eager. On such general and special findings, the court entered judgment for $544.11, and awarded execution therefor.

In support of his contention that the findings of the court do not support the judgment, it is argued that there was no finding that the county had sustained any damage or loss by reason of the removal of the building. The agreement in the stipulation was not to pay any damage plaintiff might sustain by reason of the removal of the building. It was: "Shall pay the amount of said taxes to the plaintiff county not exceeding the value of said building." Under this stipulation, we think all that the plaintiff was required to prove was that the restraining order was rightfully issued, the amount of the taxes, and that they were a lien upon the building as well as upon the lots. These facts are fully established by the evidence, and are fully covered by the general finding of the court and fairly covered by the special findings. If it be said that the special findings do not specifically state the amount of the taxes, or the value of the building, the decree would still be good under the rule announced in *Lynch v. Egan*, 67 Neb. 541, wherein we held: "In a suit in equity, where the court makes special findings, and

omits therefrom some fact, conclusively established by the evidence essential to the decree, such fact, on appeal to this court, will be treated as though found by the court."

The general finding was sufficient to support the judgment. No special findings were requested by either side. In *Moody v. Arthur*, 16 Kan. 419, 429, Mr. Justice Brewer, after disposing of another branch of the case, uses this language: "This really disposes of the case, for, in respect to the second question, it may be said that no special findings of fact were demanded, and that, while the court does find specially certain facts, it prefaces them with a general finding that 'the allegations, all and singular, contained in the answer of the said defendants are true' —so that, whether the facts specially mentioned in the findings are of themselves sufficient to support the decree is practically immaterial, the court having covered all with a general finding."

Viewed from any standpoint, defendant's appeal is without merit. The judgment of the district court is

AFFIRMED.