STATE ex Rel. TILLMAN et al., Relators, v. DISTRICT
COURT et al., Respondents.

(No. 7,509.)

(Submitted December 9, 1935. Decided January 6, 1936.)

[53 Pac. (2d) 107.]

178

Motion to quash sustained and proceeding dismissed.

*Mr. Merle C. Groene,* for Relators, submitted an original and a reply brief and argued the cause orally.

*Mr. Raymond T. Nagle,* Attorney General, and *Mr. Enor K. Matson,* Assistant Attorney General, for Respondents, submitted an original and a supplemental brief; *Mr. Matson* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Original application for a writ of supervisory control. In September, 1935, the county of Fergus commenced a suit against the relators, William Tillman and the State Building & Loan Association, a corporation, in the district court of that county, by the filing of a complaint which alleges the following facts:

Taxes were duly levied and assessed for the year 1929 on certain lots in the town of Roy, Fergus county, and the improvements thereon. These taxes were not paid, and in January, 1930, the property was duly struck off to the county. In each year thereafter taxes were duly levied and assessed against the property and not paid until the total amount of taxes, penalty and interest due and unpaid to the county at present is $1,107.69. The lots alone have little or no value, but the value of the buildings standing on the lots was, at all times up to shortly before the suit was instituted, sufficient to pay the full amount due and discharge the lien existing in favor of the county and against

the lots and improvements thereon. However, at the time the suit was commenced, the defendants had torn down all of the buildings with the exception of one small building which, by reason of the manner in which it had been wrecked by the defendants, was then of little value, and all of the material taken from the buildings had been removed from the premises and disposed of in such manner that it can be no longer identified. It is alleged that ''there is nothing left in the said property or any of it by which the said taxes, penalties and interest can be satisfied.''

It is further alleged that the defendants so destroyed the buildings and removed the material ''for the purpose of destroying the lien of the plaintiff'' and ''in order to prevent the plaintiff from collecting the taxes due against the property''; that the defendants were notified of the county's lien and demand made upon them to desist, but the defendants continue, and threaten to continue, and will continue, in tearing down the buildings, and will dispose of all of the material unless restrained, and the plaintiff ''will suffer great and irreparable injury and damage and that the plaintiff has no other plain, speedy and adequate remedy at law.''

It is then alleged that the acts of the defendants were ''done in a wilful, malicious and oppressive manner to deprive the plaintiff herein of the subject-matter of its lien to the damage of the plaintiff in the sum of'' $1,000. Plaintiff prays judgment for the amount due, ''$1,107.69, the sum of $1,000, exemplary damages,'' and for an injunction against the removal of the buildings.

The complaint is sworn to by the county attorney as ''true of his own knowledge.'' On this complaint the district court issued a temporary restraining order and an order to show cause why it should not be made permanent, returnable on a day certain. The defendants demurred to the complaint and moved to quash the order. A hearing was had, and thereon the court overruled the demurrer and denied the motion to quash, and continued the restraining order in force.

The defendants thereupon made application to this court for a writ of supervisory control, upon the ground that the trial court had erred within jurisdiction, and that, while the defendants have the right of appeal, the remedy by appeal would be wholly inadequate, for the reason that the county is entitled to a tax deed to the property, and that the county attorney stated in open court, on the hearing, that as soon as the prohibition contained in Chapter 88, Laws 1935, expires on December 31, the plaintiff will apply for a tax deed on thirty days' notice, and appeal would be without benefit to the defendants, and they deprived of any remedy whatsoever. It is alleged in the application that the action of the trial court was "improper, arbitrary and wrongful," as the complaint "does not and cannot state a cause of action."

On the showing made we issued an alternative writ of supervisory control. The respondents appeared by motion to quash on the ground that the application does not state facts sufficient to entitle the relators to the writ, or to any relief. The motion and the merits of the controversy were duly argued and submitted.

We decided against the contention that a right of appeal precludes this proceeding when we issued the writ, and further consideration but confirms that decision. Where the exigency of the case—an emergency—renders the ordinary remedy by appeal inadequate, the summary appeal by writ of supervisory control is available. (*State ex rel. McHose* v. *District Court*, 95 Mont. 230, 26 Pac. (2d) 345; *State ex rel. Odenwald* v. *District Court*, 98 Mont. 1, 38 Pac. (2d) 269.)

Respondents contend that, as it nowhere in this proceeding appears that the relator Tillman, or his codefendant in the injunction suit, is the owner of the property involved, they must be treated as trespassers and, as such, are not entitled to relief. Inasmuch as the county attorney deemed it necessary to institute injunction proceedings against them and had alleged that their action was for the purpose of defeating the county's lien and to prevent the collection of the delinquent taxes, thus treating them as owners and not as trespassers, and

in view of the disputable presumptions pertaining to a trial in this state, to-wit, that a person is innocent of crime or wrong (subsec. 1, sec. 10606, Rev. Codes 1921), that things which a person possesses are owned by him (subsec. 11, Id.), and that a person is the owner of property from exercising acts of ownership over it (subsec. 12, Id.), the relators' right sufficiently appears.

The sufficiency of the complaint in the injunction suit, and consequently of the application here, depends upon whether or not such an action as was commenced will lie. The relators contend that it does not lie, for the reason that it is an attempt by civil action to collect delinquent taxes, whereas no such remedy is available under our statutes on the subject.

We start our investigation of the question presented with the full understanding that "all proceedings in the nature of assessing property for purposes of taxation, and in levying and collecting taxes thereon, are *in invitum,* and must be *stricti juris*" (*Perham* v. *Putnam,* 82 Mont. 349, 267 Pac. 305, 309); therefore, when the statute declares the remedy or method of collecting taxes, it is exclusive, if adequate (*State ex rel. Spokane & Eastern Trust Co.* v. *Nicholson,* 74 Mont. 346, 240 Pac. 837), and the courts may entertain actions for this purpose only when the legislature shall so provide. (*Preston* v. *Sturgis Milling Co.,* (C. C. A.) 183 Fed. 1, 32 L. R. A. (n. s.) 1020.)

While our Constitution deals with the subject of taxation, its provisions in this regard constitute a limitation upon the legislative power and not a grant of power, as the power is inherent in the sovereign state. (*McCulloch* v. *Maryland,* 4 Wheat. 316, 428, 4 L. Ed. 607.) The power of taxing officials exists only by virtue of the statutes empowering them to act. (26 R. C. L. 25.)

The purpose of taxation is to raise the necessary revenue for the support of the government and the consequent security of the people in the possession of their property. (*Cruse* v. *Fischl,* 55 Mont. 258, 175 Pac. 878.) A tax is an enforced contribution from the people for this purpose, in accordance with some reasonable rule of apportionment equalizing the burdens

upon the people benefited. (*State ex rel. Pierce* v. *Gowdy,* 62 Mont. 119, 203 Pac. 1115.)

Taxes are levied against the person, not against property; property serving only as a basis for computing each person's measure of liability and as security for the discharge of the lien which the tax imposes (*Hilger* v. *Moore,* 56 Mont. 146, 182 Pac. 477), and in no way depend upon the will or consent, express or implied, of the person taxed, and therefore, when levied, do not become a debt within the meaning of the word, as ordinarily used. (*City of Rochester* v. *Bloss,* 185 N. Y. 42, 77 N. E. 794, 7 Ann. Cas. 15, 6 L. R. A. (n. s.) 694.) Further, no lien exists on property as such security for taxes unless the legislature has so declared. (*Walsh* v. *Croft,* 27 Mont. 407, 71 Pac. 409.)

The property here in question is real property, which includes the "lands, tenements [and] hereditaments" (sec. 16, Rev. Codes 1921), and, for taxation purposes, means lands and improvements (sec. 1996, Id.), the improvements being assessed with the land on which they stand (sec. 2023, Id.), and "every tax due upon real property is a lien against the property assessed" (sec. 2154, Id.).

The taxes due cannot be collected by an action instituted for that purpose, nor can the lien thereof be foreclosed as may, for example, a mechanic's lien or the lien of a mortgage, not only because the legislature has not provided such a remedy, but also because that body has made such action unnecessary by providing that "every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent" and which is not satisfied or "removed until the taxes are paid or the property sold for the payment thereof." (Sec. 2152, Rev. Codes 1921.) With respect to real estate, the *sale* is not complete until a tax deed for the property is executed and delivered to the purchaser. "Prior to that, he has merely an inchoate or inceptive title; or, to put it in another way, the holder of the certificate of sale has a lien which can ripen into title only after the lapse of a definite time and upon compliance

with the statutory requisites." (*State ex rel. City of Billings* v. *Osten,* 91 Mont. 76, 5 Pac. (2d) 562, 565.)

It is therefore clear that plaintiff's lien,. akin to a judgment, will hold until the taxes are paid or a deed to the property is secured, and no right exists by statute to collect the taxes by action in court, either at law or in equity. (*Lemhi County* v. *Boise Livestock Loan Co.,* 47 Idaho, 712, 278 Pac. 214; *City of Sapulpa* v. *Land,* 101 Okl. 22, 223 Pac. 640, 35 A. L. R. 872; *Marion County* v. *Woodburn Merc. Co.,* 60 Or. 367, 119 Pac. 487, 41 L. R. A. (n. s.) 730; *Preston* v. *Sturgis Milling Co.,* above.)

The rule that, where the legislature has provided the method ▇ for collecting taxes, the remedy is exclusive, has been held subject to the exceptions that, where it is found inadequate in a particular instance, or cannot be enforced, or has been exhausted without satisfaction of the taxes, some other appropriate remedy may be resorted to, and it has further been held that this rule applies only to the collecting officers and not to the state. (61 C. J. 1053; *State ex rel. Spokane & Eastern Trust Co.* v. *Nicholson,* above.) However, we need not resort to an exception to the rule. The action commenced by the county in this instance was not instituted to "collect" the taxes due from the defendants, even if they be the owners of the property against which the county has a lien, on which subject the complaint is silent; rather it is a suit in equity to restrain waste, and to recover the value of the lien, destroyed by the acts of the defendants. If the above rule is applied to such a case and the statutory remedy for the collection of taxes be held to be exclusive, the plaintiff will be left without property of sufficient value from which to collect its past-due and unpaid taxes. "It goes without saying that defendant should not be permitted to thus escape, unless the court is powerless to prevent. This being a suit in equity, the court will extend its arm to its full lenth in an effort to prevent such an injustice." (*Lancaster County* v. *Fitzgerald,* 86 Neb. 676, 126 N. W. 141.)

The allegation of the complaint, taken as true for the purpose of this decision, is, not that the defendants, as owners of the

premises, are attempting to use the property for their own benefit in a lawful way, but are removing the buildings from worthless lots for the express purpose of defeating the county's lien for taxes—acts clearly constituting waste, within the modern acceptation of that term.

The ancient rules governing the action in waste have been greatly liberalized in modern practice, and now the right of a person to restrain the commission of waste, by the owner of realty against which such person has a specific lien, is well recognized. (27 R. C. L. 1040, and cases cited; 4 Pomeroy's Equity Jurisprudence, 3226.) And where acts constitute waste, or the purposes of the person charged with waste have not been fully consummated, or where the waste is of such a nature that the aggrieved party is remediless at law and would sustain great injury by withholding an account, an account of and satisfaction for the waste already committed will be allowed. (High on Injunctions, 4th ed., 638, 639; 5 Pomeroy's Equity Jurisprudence, 4316.) This remedy is available to a judgment creditor for the preservation of the property on which his judgment is a lien when the right to levy execution thereon is postponed or lies dormant. (*Jones* v. *Britton,* 102 N. C. 166, 9 S. E. 554, 4 L. R. A. 178; *Watters* v. *Hedgpeth,* 172 N. C. 310, 90 S. E. 314; *Witmer's Appeal,* 45 Pa. 455, 84 Am. Dec. 505. See, also, *People ex rel. Cauffman* v. *Van Buren,* 136 N. Y. 252, 32 N. E. 775, 20 L. R. A. 447; *Ward* v. *Benner,* 89 Kan. 369, 131 Pac. 609.)

These decisions are authority for holding that this remedy is available to a county for the preservation of its tax lien, either by analogy or directly, because the statute declares the tax "in effect" a judgment. (Sec. 2152, above.) Indeed, it is declared, without qualification or the noting of either an exception or conflict in the decisions, that: "Where taxes against real estate are past due and unpaid, the county by which the taxes have been levied may maintain a suit to restrain waste by acts that will reduce the value of the property to an amount insufficient to pay the taxes." (27 R. C. L. 1040, citing only *Lancaster County* v. *Fitzgerald,* 74 Neb. 433, 104 N. W. 875, 13 Ann. Cas. 88, and note.) This declaration is found also in 4 Bancroft's Code Prac-

tice & Remedies, 4564, prefaced by the declaration: "It has been held," citing the Nebraska case.

Learned counsel for the relators insists that the *Lancaster County Case* is not in point here, as the suit for injunction to restrain waste and account for the value of security removed "was never tried." This statement is based upon the fact that, after a temporary restraining order was issued, the county and the party engaged in removing a building from the lot in question "entered into a stipulation to the effect that the restraining order should be dissolved upon said defendants entering into a bond" for the payment of the taxes, not exceeding the value of the building, to take the place of the restraining order. The bond having been filed, the cause proceeded to trial and judgment, and the two decisions cited above announced the rules above declared. The fact that the bond was given amounts to no more than the giving of a redelivery bond on attachment; this action merely shifted liability; if the county was not entitled to maintain the suit, no judgment could have been entered against the bondsmen.

The equitable rule announced in the Nebraska case is followed or recognized in the following cases: *Little Red River Levee Dist.* v. *Thomas,* 154 Ark. 328, 242 S. W. 552; *King Lumber & Mfg. Co.* v. *State,* 106 Fla. 680, 143 So. 616; *Harbeson Lumber Co.* v. *Geneva Mill Co.,* 116 Fla. 342, 156 So. 710; *Millard* v. *Breckwoldt,* 100 App. Div. 44, 90 N. Y. Supp. 890; *Howze* v. *Rook Lumber Co.,* 118 Miss. 293, 79 So. 98.

It is asserted that in certain of the states from which these decisions come statutes exist for the collection of taxes by action in court, but the decisions are independent of such statutes, where they exist, as the question of preventing waste is in aid of collecting the taxes rather than a method of collection; the decisions are based on the broad equitable grounds announced.

In such an action or suit as this, the plaintiff being a mere lienholder and having no other adequate remedy against the person alleged to have committed waste and threatening to continue to do so, the solvency or insolvency of the owner or defendant is immaterial, and it need not be alleged or proved that

the defendant is insolvent. (*Palmer* v. *Young*, 108 Ill. App. 252;
*Beaver Flume & Lumber Co.* v. *Eccles*, 43 Or. 400, 73 Pac. 201,
99 Am. St. Rep. 759; *Taylor* v. *Collins*, 51 Wis. 123, 8 N. W.
22.)

As injunction will not lie to prevent an act already committed,
 the plaintiff here almost pleaded itself out of court, but
we are of the opinion that the allegation that one small building,
"of little or no value" because of the manner in which it has
been wrecked, still remains on the lots, and the defendants will,
unless restrained, tear it down and dispose of the material,
which presumably has some value, coupled with the waste al-
ready committed, is sufficient to warrant the issuance of the in-
junction and to compel the defendants to account for the actual
value of that which has been removed, so long as it does not
exceed the amount of the taxes, penalty and interest due, less
the value of the lots, if any can be shown, and such value as the
remaining building may be shown to have, in conformity with
the authorities herein cited. The complaint in the injunction
suit is sufficient.

However, owing to the peculiar nature of the lien and the
 uncertainty existing heretofore as to the right of an
owner in the use of his property to not only use it in the ordi-
nary course of business but to remove buildings therefrom in
spite of the lien for taxes, and the further fact that, if judgment
and decree be entered in accordance herewith, the county will be
made whole, we are of the opinion that the plaintiff should not
recover exemplary damages.

The motion to quash is sustained and the proceeding dismissed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART,
ANDERSON and MORRIS concur.

Rehearing denied January 21, 1936.