STATE EX REL. KLEVE, APPELLANT, v. FISCHL ET AL.,
RESPONDENTS.

(No. 7,795.)

(Submitted February 23, 1938.  Decided March 2, 1938.)

[77 Pac. (2d) 392.]

*Mr. E. G. Toomey* and *Mr. John W. Chapman,* for Appellant, submitted a brief; *Mr. Toomey* argued the cause orally.

*Mr. Harold K. Anderson,* County Attorney of Lewis and Clark County, and *Mr. Floyd O. Small,* Assistant County Attorney, for Respondents, submitted a brief; *Mr. Small* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This appeal is from a judgment denying a writ of mandamus and dismissing relator's petition therefor. The single question presented is whether an applicant for registration of a motor vehicle under Chapter 72, Laws of 1937, must pay, in addition to the taxes for the current year for which application is made, delinquent taxes due upon the vehicle for assessments for prior years, when such delinquent tax is not a lien upon real estate. Whether this requirement can be made depends upon the terms of the statute, for unless that method of collecting delinquent taxes is prescribed by statute, the right does not exist.

(*State ex rel. Tillman* v. *District Court*, 101 Mont. 176, 53 Pac. (2d) 107, 103 A. L. R. 376.)

Section 1 of the Act requires the applicant for registration to file an application in the office of the county treasurer containing certain designated information. Before its filing, the assessor must enter on the application "the full and true and the assessed valuation of said automobile for the year for which said application for registration is made." It then requires the applicant to "pay to the county treasurer the registration fee" and to "pay the taxes assessed against said motor vehicle for the current year of registration (unless the same shall have been theretofore paid for said year) before the application for registration or re-registration may be accepted by the county treasurer." It then provides that: "The county treasurer is hereby empowered to make full and complete investigation of the tax status of said vehicle and any applicant for registration or re-registration must submit proof with respect thereto from the tax records of the proper county at the request of the county treasurer."

Another pertinent provision is this: "Upon accepting application for registration or re-registration of any motor vehicle which is subject to taxation in this state on January 1st in any year, *and upon payment of taxes,* the county treasurer shall stamp on said application: 'Taxes on this vehicle due January 1st of current year paid by applicant, prior applicant or owner and this vehicle is eligible for registration.' "

Section 9 of the Act contains this sentence: "Nothing herein contained shall relieve the applicant for registration or re-registration of any motor vehicle so assessed or subject to assessment of the duty of paying taxes thereon as a condition precedent to registration or re-registration in the event said taxes have not been paid by any prior applicant or owner in all cases where required to be paid."

These provisions of the Act, taken either singly or collectively and when considered with the provisions of the Act as a whole, do not support the conclusion that the officers are empowered to collect delinquent taxes assessed against an automobile as a

condition precedent to its registration and to the issuance of license plates. The only provision commanding the payment of taxes is limited to taxes assessed against the motor vehicle "for the current year of registration."

. Counsel for respondents contend that this interpretation nullifies the provision empowering the county treasurer to investigate the tax status of such vehicles. With this we cannot agree. Situations may arise where a person resident of one county has paid the current tax on the car in that county without applying for license plates, in order to accomplish a sale thereof to a resident of another county who applies for registration in the latter county, asserting that the tax thereon had been paid in the other county. In such a situation investigation of the tax status for the current year becomes material.

That it was never intended by the legislature that back taxes should be paid as a condition precedent to registration and the issuance of license plates is apparent when we note that there is no provision made in the Act for making one county treasurer the agent for another to collect in one county the delinquent taxes due in another. Neither is there any provision made for distributing the delinquent tax to the proper county. It is matter of common knowledge that application for registration may be made in one county whereas the delinquent tax is due in another. If the legislature intended by Chapter 72 to accomplish a collection of all delinquent taxes on the vehicles for which registration is applied, it would certainly have so indicated by some definite expression. The language used by the legislature does not indicate any such purpose, but, on the contrary evidences an intention merely to require payment of the current taxes and thus to reduce the number of delinquencies arising from and after the passage of Chapter 72.

Since relator met every requirement of the statute entitling him to registration and to obtain his license plates, the writ of mandamus was improperly denied. The judgment is reversed.

Mr. Chief Justice Sands and Associate Justices Stewart, Anderson and Morris concur.