No. 13075

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

ART CONNICK, ART WOODS and
CHRIS GARDNER, as the Board
of County Commissioners of
LEWIS AND CLARK COUNTY, State
of Montana,

Plaintiffs,

-vs-

THOMAS L. JUDGE, Governor of the State
of Montana,

Defendants.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Plaintiffs:

Thomas F. Dowling, County Attorney, Helena, Montana
Leif B. Erickson, Deputy County Attorney, argued,
Helena, Montana
Louis Forsell argued, Helena, Montana

For Defendants:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Patrick E. Melby argued, Helena, Montana
Barry L. Hjort, Helena, Montana

---

Submitted: July 23, 1975

Decided: JUL 23 1975

Filed: JUL 23 1975

Thomas J. Kearney
Clerk

PER CURIAM:

This is an original proceeding wherein plaintiff county commissioners of Lewis and Clark County seek a declaratory judgment as to whether the Montana Forty-Fourth Legislative Assembly levied a property tax for the years 1975 and 1976 for the support of the University System. This Court permitted the filing of the complaint and ordered service on the Governor, State Auditor, Superintendent of Public Instruction and the Board of Regents.

The Governor filed an answer. The State Auditor appeared by brief. The issue raised is whether the Forty-Fourth Legislative Assembly levied a property tax for the years 1975 and 1976 to supply the fund from which appropriations have been made. Does the act of appropriating money from a specific fund act as a levy of a tax to create that fund?

The Forty-Fourth Legislature in House Bills No. 269 and No. 271, Laws of Montana 1975, appropriated various sums from the fund created for deposit of the monies collected by the levy authorized under section 84-3804, R.C.M. 1947, by name and account number as illustrated by the following excerpt from House Bill No. 271:

> "Section 11. The following moneys are appropriated to the board of regents for the respective university system units for the biennium ending June 30, 1977:

| | For Fiscal Year Ending 6/30/76 | For Fiscal Year Ending 6/30/77 |
|---|---|---|
| "* * * | | |
| "UNIVERSITY OF MONTANA | | |
| "* * * | | |
| "From the earmarked revenue fund 02106 University millage ERA [earmarked revenue account] | 3,041,786 | 3,165,627". |

Funds in the total sum of $15,836,528 for fiscal years 1976 and 1977 were appropriated from this fund for the support, maintenance, and operation of the University System. The University millage earmarked revenue account was originally established in 1949 as directed by the laws which preceded section

- 1 -

84-3804, R.C.M. 1947. (See Chapter 217, Laws of Montana 1947, and Chapter 218, Laws of Montana 1957). It has been used exclusively for the deposit of tax receipts collected by the levy for the support of the University System. Those are the only monies ever deposited in the account and that is the only account in which those tax receipts have ever been deposited.

The Governor, as defendant, argues the intent to levy the tax is clearly shown by the appropriation of money from the account created by the tax, and, ergo, the tax was levied. We do not agree.

Article VIII, Section 1, 1972 Montana Constitution, states:

"Taxes shall be levied by general laws for public purposes."

Article VIII, Section 9, 1972 Montana Constitution states:

"Appropriations by the legislature shall not exceed anticipated revenue."

It is obvious then that specific levies of taxes shall be made. Merely appropriating funds does not constitute a levy of taxes. Otherwise, if appropriation bills were self-executing tax levies, there would be no purpose in Article VIII.

Section 84-3804, R.C.M. 1947, provides:

"Upon the approval of the electors of this state, to be determined by their vote at the general election to be held in November of 1968, the legislative assembly shall levy a property tax of not more than six (6) mills on the taxable value of all real and personal property each year for ten (10) years beginning with the year 1969. All revenue from this property tax levy shall be appropriated for the support, maintenance, and improvement of the Montana university system." (Emphasis supplied).

This section, together with the referendum approving it, authorizes the legislature to levy a property tax. It does not constitute a levy. The legislature under this section may fix the rate, not to exceed six mills. This rate can vary each year for a period of ten years. This authorization is a matter of

- 2 -

continuing legislative judgment to be determined by each legislative assembly, as it deems necessary by means of a levy. The Forty-Fourth Legislative Assembly did not make a levy pursuant to this authority.

Past legislative assemblies have construed and interpreted section 84-3804 as authorization to levy and furnish revenue to be appropriated for support of the University System.

The Forty-First Legislative Assembly levied for these purposes for the years 1969 and 1970 (Ch. 321, Laws of Montana 1969). The Forty-Second Legislative Assembly levied for the years 1971 and 1972 (Ch. 170, Laws of Montana 1971). The Forty-Third Legislative Assembly levied for the years 1973 and 1974 (Ch. 478, Laws of Montana 1973).

Each of these enactments contained this language:

"Section 1. The following tax levies for state purposes are hereby made upon all property in the state of Montana, subject to taxation * * *."

Each enactment in determining the rate of levy provided:

"For the university millage fund, to provide funds for the support of the Montana university system, as provided in Referendum Measure No. 65 and passed by vote of the people at the general election held November 5, 1968, six (6) mills, or so much thereof as may be necessary to raise the amount appropriated by the legislative assembly from the university millage fund for support of the units of the Montana university system."

Thus, it is evident that the three legislative assemblies preceding the Forty-Fourth regarded section 84-3804 as authorization to make and specify the levy for university system purposes.

The fact that in each instance they decided upon a six mill levy or so much thereof as necessary to meet the appropriation, does not detract from the fact they acted under the authorization, made the levy, and specified the rate. Each of these assemblies based on the circumstances, could have specified the levy at 5 mills, 4 mills, 3 mills, or even 2 mills. The point is, each assembly did make the determination and did specify the rate

- 3 -

authorized by the referendum and existing law.  These enactments were not ritualistic, were not idle gestures.

The enactments manifest the legislative construction and interpretation of section 84-3804 and Referendum No. 65 that this section and referendum are not self-executing, but rather constitute authorization to make the designated levy.

In Swartz v. Berg, 147 Mont. 178, 181, 411 P.2d 736, this Court said:

> "It is a basic premise of the law of taxation that the foundation for levying and assessing a tax depends upon the existence of a valid legislative act specifically designating the imposition of the tax.  Nothing is taxable unless clearly authorized by statute.  State ex rel. Tillman v. District Court, 101 Mont. 176, 53 P.2d 107, 103 A.L.R. 376."

There are valid reasons for requiring formality and specific designation of the imposition of a tax.  Under the 1889 Montana Constitution and its Article XII, many restrictions were placed upon the power of the legislature as to taxation.  Those restrictions were set out in 1896 in State v. Camp Sing, 18 Mont. 128, 139, 140, 44 P. 516.  The 1972 Montana Constitution does not expressly set out the same restrictions in its Article VIII, but does set out many of them. If an appropriation bill could be construed as a levy of taxes, these safeguards would be lost.

To sum it up, the Legislature simply failed to make a levy as authorized by section 84-3804 and thus, the appropriation is not valid since no revenue was provided.  This Opinion shall constitute a declaratory judgment.

- 4 -

_James T. Harrison_
Chief Justice

_Wesley Castles_

_John Conway Harrison_

_Gene B. Daly_

_Frank I. Haswell_

Justices.

- 5 -