HARTMAN, Respondent, v. NIMMACK, et al., Defendants; CITY OF BOZEMAN, Appellant.

(No. 8440.)

(Submitted May 4, 1944. Decided November 9, 1944.)

[154 Pac. (2d) 279.]

Cause submitted on Briefs of Counsel.

*Mr. Walter Aitken*, City Attorney, for Appellant.

*Messrs. Bolinger & Bolinger*, for Respondent.

MR. JUSTICE ADAIR delivered the opinion of the court.

Plaintiff Antoinette Hartman brought this suit against the City of Bozeman, the county treasurer of Gallatin County, and others, to quiet title to a described tract of land situate within the corporate limits of said city in Gallatin County, Montana. The case was presented to the trial court upon an agreed statement of facts and thereafter decree was entered ordering the defendant county treasurer to strike from the delinquent tax records in his office the city's special improvement district installment against the property for the year 1940 and quieting title in the plaintiff. From such decree the defendant City of Bozeman has appealed.

July 22, 1931, the land was sold to Gallatin County for delinquent general taxes and tax certificate issued to the county.

August 13, 1938, the City of Bozeman created special improvement district No. 296 for street improvements, made adjacent to the land, same being included withn the boundaries of the district. To pay for such improvements the city, on September 15, 1939, levied an assessment against all the property in the district. The total assessment levied against the particular tract here involved was the sum of $1,136.46, payable any time after levy or, at the option of the owner of the property, in ten annual installments of $102.86 each, with interest.

The special assessment for the year 1939, being the first installment, became delinquent and was by the City of Bozeman certified to the county clerk and, by the county treasurer, entered upon the tax rolls as a lien against the property.

September 28, 1940, Gallatin County gave notice of its application for tax deed under the certificate of sale theretofore issued. In the amount specified in the notice as necessary to redeem, the county included the delinquent 1939 installment of the special improvement assessment.

November 30, 1940, at six o'clock p. m. the special assessment for the year 1940, being the second installment, became delinquent and on December 7, 1940, it was, by the City of Bozeman, certified to the county clerk and, by the county treasurer, entered upon the tax rolls as a lien against the property.

December 23, 1940, pursuant to its notice of application for tax deed, the County of Gallatin made application for and was issued a tax deed for the property involved.

December 17, 1941, the county sold and conveyed the property to the plaintiff Antoinette Hartman. The price she paid included the special assessment for the year 1939 but it did not include that for the year 1940. The plaintiff made demand upon the county treasurer that he strike from his books the special assessment installment for the year 1940. To this the city objected; the county treasurer declined to comply with plaintiff's demand and she then instituted this action.

The question presented is: Did the tax deed of Gallatin County, dated December 23, 1940, convey the tract of land in-

volved free from the lien of the 1940 installment of the city's special improvement assessment?

A general tax lien and the lien of a special improvement assessment are not of equal rank. "The claim for necessary support for the government is a higher obligation than the demands for the cost of local improvements, even though the latter have quasi-public features." (51 Am. Jur., sec. 1019, p. 891.) "The first and paramount necessity for social order, personal liberty, and private property is the maintenance of civil government; and government cannot exist without revenues. The necessity and importance of preferring the lien for general taxes over other claims are so impelling that the priority of the sovereign claims of the state will not be depreciated nor denied without warrant from the Legislature in clear and unmistakable terms; * * *." (*Robinson* v. *Hanson*, 75 Utah 30, 282 Pac. 782, 784.)

In *State ex rel. City of Great Falls* v. *Jeffries*, 83 Mont. 111, 270 Pac. 638, 640, this court held under the statute then in force, (sec. 2215, Rev. Codes 1921), that the execution and delivery of a tax deed creates a new title which cuts off and extinguishes all prior liens, encumbrances and interests. We there said that a tax deed "is not derivative, but creates a new title in the nature of an independent grant from the sovereignty, extinguishing all former titles and liens not expressly exempted from its operation." The Legislature has twice amended the statute construed in the *Jeffries Case*, supra, since that case was decided. (See Chapter 100, Session Laws of 1929, and Chapter 63, Session Laws of 1937.)

The statute now in force, section 2215.9, Revised Codes of 1935, as amended by Chapter 63, Laws of 1937, provides: "The deed hereafter issued under this or any other law of this state shall convey to the grantee the absolute title to the lands described therein as of the date of the expiration of the period for redemption, free of all encumbrances and clear of any and all claims of said defendants to said action except the lien for taxes which may have attached subsequent to the sale and the

lien of any special, local improvement, irrigation and drainage assessments levied against the property payable after the execution of said deed, and except when the land is owned by the United States or this state, in which case it is prima facie evidence of the right of possession accrued as of the date of expiration of such period for redemption."

It is quite evident that in enacting Chapter 63 of the Laws of ■ 1937 the Legislature sought to preserve the lien for certain special assessments not due at the time of the execution of the tax deed. However, it is equally clear that only such installments of "special, local improvement, irrigation and drainage assessments levied against the property" as become payable *after the execution of the tax deed* are preserved by the statute. The 1940 installment of the city special improvement assessment involved in the instant action does not belong to the exempt class for not only did it become due and payable prior to the execution of the tax deed, but at six o'clock p. m. on November 30, 1940, it became delinquent as well. The statute does not exempt such lien, so due, payable and delinquent prior to the execution of the tax deed of December 23, 1940, hence the lien was extinguished by the execution of the tax deed.

The appellant complains of the time which the county permitted to elapse after the certificate of sale was issued before it gave notice of application for a tax deed, but apparently the Legislature saw fit to place this matter largely within the sound discretion of the board of county commissioners, having provided in section 2209.1, Revised Codes of 1935 that: "Whenever a county, city or town has become or hereafter becomes the purchaser of property sold for delinquent taxes, and is the holder of the certificate of sale when the time for redemption expires, the board of county commissioners, city or town council or commission *at any time thereafter deemed proper* may order and direct the county clerk, city or town clerk, to apply to the county, city or town treasurer, as the case may be, for the issuance to the county, city or town, of a tax deed for such property, and it shall then be the duty of the county clerk, city or town

clerk, to give or post and cause to be published the proper notice of the application for such tax deed and to make the proper proof thereof, all in the manner required by section 2209.''

In section 2201 the Legislature has expressly provided that anyone entitled by law to redeem may do so ''at any time prior to the giving of the notice and the application for a deed.'' Section 2215.9, as amended by Chapter 63, Laws of 1937, mentions ''the date of the expiration of the period for redemption,'' but since, under section 2209, the period of redemption does not expire until the application for the tax deed has been duly made, it would seem that the date or time referred to in the 1937 enactment is the time of the application for tax deed. Under Chapter 63, Laws of 1937, the plaintiff took title to the tract of land involved freed from the lien of the city's special improvement district assessment attaching and payable prior to the execution of the tax deed of December 23, 1940, and prior to the sale to her and only such installments of the special improvement assessments as become due after the execution of the tax deed constitute a lien against the property.

For these reasons the decree of the district court is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON and ERICKSON concur.

MR. JUSTICE MORRIS:

I dissent. I do not agree with the majority in two particulars. First, I am satisfied that the legislature, if it had anticipated such a situation as confronts us here, would not have vitiated by Legislative Act special improvement liens on property benefited by the improvement. Such legislation is repugnant to one's sense of justice. Second, when the statutory procedure essential to the creation of a special improvement district has been perfected, and the bonds or warrants representing the cost of improvements are issued and sold, a contractual relation arises between the owners of the improved premises and the holders of such bonds or warrants. To destroy that relation between debtor and creditor pursuant to an Act of the Legislature is a violation of the obligation of contract prohibited by section 11,

Article III of the Constitution. "A statute which changes the terms of an agreement by imposing new conditions, or dispensing with those expressed or implied, is a law which impairs the obligation of a contract." (*State ex rel. State Savings Bank* v. *Barret,* 25 Mont. 112, 119, 63 Pac. 1030, 1032.)

The statute involved here, section 2215.9, Revised Codes, as amended, antedated the creation of the improvement, and it is not a statute that "changes" an existing contract in the sense mentioned in the *Barret Case* but the interpretation given the section by the majority brings it under the ban of the constitutional provision cited above.

Supplemental Opinion on Petition for Rehearing

MR. JUSTICE ADAIR delivered the opinion of the court.

On petition for rehearing appellant contends that this court's ▆ decision is in conflict with an express statute, namely, section 5247, Revised Codes, which was enacted as section 23, Chapter 89, Laws of 1913, and which reads as follows: "Any special assessment made and levied to defray the cost and expense of any of the work enumerated in this Act, together with any percentages imposed for delinquency and for cost of collection, shall constitute a lien upon and against the property upon which such assessment is made and levied, from and after the date of the passage of the resolution levying such assessment, which lien can only be extinguished by payment of such assessment with all penalties, costs, and interest."

The objection might be tenable if that were the only statute to be considered. However, all applicable statutes must be taken into consideration.

Section 2215.9, Revised Codes, was enacted as section 9, Chapter 176, Laws of 1933, and provided that any tax deed thereafter issued should convey to the grantee the absolute title to the lands described therein *"free of all encumbrances* and clear of any and all claims * * * *except* the lien for taxes which may have attached subsequent to the sale and *the lien of any special or local improvement assessments levied against the property*

*payable after the execution of such deed,"* etc. The 1937 amendment, (Chapter 63, Laws of 1937) is not material here, since it made no change except to add to the exceptions liens for irrigation and drainage assessments.

The district was created on August 13, 1938, and its obligations were thereafter issued. The latter, and the liens for the assessments to pay them, were subject to all existing statutes, including section 2215.9, Revised Codes, as well as section 5247, Revised Codes. Therefore our decision is not in conflict with statute, nor can there be any merit in the contention that the statute, Chapter 176, Laws 1933, impairs the obligation of a contract which was not entered into until 1938.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and ANDERSON concur.

Rehearing denied December 15, 1944.