No.   92-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

FIRST TRUST COMPANY OF
MONTANA, as Trustee,

     Plaintiff and Respondent,

   v.

CITY OF GREAT FALLS, MONTANA,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          David V. Gliko, City Attorney, Great Falls, Montana

     For Respondent:

          Norman L. Newhall, Alexander, Baucus & Linnell,
          Great Falls, Montana

Submitted on Briefs:   December 11, 1992

Decided:   January 21, 1993

Filed:

FILED

JAN 21 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The City of Great Falls appeals a ruling of the District Court for the Eighth Judicial District, Cascade County, granting summary judgment to First Trust Company of Montana. We affirm.

The issue is whether the District Court erred in ruling that a prior recorded mortgage lien securing IDR municipal bonds is superior to a subsequent lien securing delinquent SID municipal bonds.

In February of 1975, the City of Great Falls adopted a resolution declaring its intention to create an industrial park. The following January, the City held a public hearing on its proposal to issue Industrial Development Revenue Bonds (IDR bonds) to acquire property for such purposes. After the public hearing, the City resolved that it was "in the best interests of the public to issue $500,000 industrial revenue bonds to acquire and develop land northeast of the City as an industrial park."

In June of 1976, the City passed a resolution authorizing the issuance and sale of IDR bonds for the purchase of the property which later became known as North Park. The amount of the bond issue was later amended to $540,000.

Proceeds from the sale of the bonds were deposited in escrow until they totalled $540,000, at which time they were disbursed to the Economic Development Corporation, the owner of the North Park property. On November 8, 1976, the Economic Development Corpora-

2

tion, in consideration of the payment of the bond proceeds, conveyed the North Park property to the City of Great Falls by warranty deed. Also on November 8, 1976, and as security for the repayment of the IDR bonds, the City of Great Falls granted a mortgage and indenture of trust to First Trust Company. The deed to the City from the Economic Development Corporation was recorded in the records of Cascade County on November 9, 1976, as was the mortgage from the City to First Trust.

The City leased the North Park property to a corporation known as Northeast Industrial Park, Inc., until each lot was sold. It then passed title to the third-party purchasers of the lots.

In December of 1976, the City annexed the North Park property into the City of Great Falls as the North Park Addition. Two months later, the City authorized the issuance and sale of Special Improvement District Coupon Bonds (SID bonds) to defray the cost of construction of streets and utilities in North Park Addition. In March 1977, the City created a Special Improvement District for the construction of streets and utilities in North Park Addition. Sometime after March 1, 1977, the SID bonds were sold and the improvements were constructed and installed.

Repayment of the IDR bonds is in default. A principal balance of $235,000, together with accrued interest, was due on July 1, 1986. As of April 1, 1992, $111,055.44 in interest had accrued and was due on the outstanding principal. Repayment of the SID bonds

3

is also delinquent, in the sum of $186,915.09 as of April 1, 1992. The estimated fair market value of the property remaining in North Park is insufficient to secure repayment of both the IDR bonds and the SID bonds.

First Trust Company, as the holder of the mortgage securing repayment of the IDR bonds, brought this action seeking declaratory judgment that its mortgage has a higher priority than the City's lien securing the SID bonds. The District Court ruled that it does, and the City appeals.

Did the District Court err in ruling that a prior recorded mortgage lien securing IDR municipal bonds is superior to a subsequent lien securing delinquent SID municipal bonds?

Section 71-3-113, MCA, provides that "[o]ther things being equal, different liens upon the same property have priority according to the time of their creation." The City argues that this statute does not apply because of the statement in § 7-12-4191, MCA, that an SID lien "can only be extinguished by payment." This, according to the City, establishes the superiority of SID liens over all other liens.

However, this Court's interpretation of § 7-12-4191, MCA, in Hartman v. Mimmack (1944), 116 Mont. 392, 154 P.2d 279, refutes the City's argument. In Mimmack, the Court rejected the argument that SID liens had priority over general tax liens due to the statutory

4

provision that SID's can only be extinguished by payment. The Court held that general tax liens and SID's are not of equal rank. Mimmack, 154 P.2d at 280. In a broad statement, the Court further ruled:

> On petition for rehearing appellant contends that this Court's decision is in conflict with an express statute, namely [what is now § 7-12-4191, MCA].
>
> The objection might be tenable if that were the only statute to be considered. However, all applicable statutes must be taken into consideration.
>
> . . .
>
> The district was created on August 13, 1938, and its obligations were thereafter issued. The latter, and the liens for the assessments to pay them, were subject to all existing statutes . . . . [Emphasis supplied.]

Mimmack, 154 P.2d at 282.

In this case, both liens arise from municipal bonds issued for public purposes. The City expressly determined that the purpose of the IDR bond issue was "to create new jobs and an expanded tax base by . . . [c]reating an industrial park on land to be controlled by the City." The improvements funded by the SID bonds benefit the real property in North Park. We hold that the liens are equal for purposes of application of § 71-3-113, MCA, and that application of that statute is not precluded by § 7-12-4191, MCA.

The City asserts that the intent to expressly except special assessments and taxes from the lien of the IDR mortgage appears in key documents of the IDR bond issue. It maintains that this

5

contractual intent of the parties overrides the general rules of priority of liens. Specifically, the City cites the Official Statement used in connection with the sale of the IDR bonds, the lease between the City and Northeast Industrial Park, Inc., and the indenture on the mortgage.

The Official Statement provided:

> The lien of the Indenture will be subject to Permitted Encumbrances which will include the Lease, liens for special assessments (including special assessments to pay the SID Bonds) and taxes and encumbrances which in NIPC's opinion do not adversely affect the Project.

As First Trust points out, however, the Official Statement is extraneous to the transaction whereby First Trust was granted a lien to secure repayment of the IDR bonds. It is merely a document prepared by or for the underwriter. It does not define the nature and extent of the lien granted to First Trust.

The lease between the City and Northeast Industrial Park, Inc., states:

> Permitted Encumbrances: this Lease, the Indenture, and, as of any particular time, (A) liens for taxes and special assessments not then delinquent, or delinquent but being contested by the Tenant in accordance with Section 4.06 hereof. [Emphasis supplied.]

"Not then delinquent" does not apply to the SID's here, which are now delinquent. We conclude this lease provision has no effect in this instance.

The indenture on the mortgage provides:

6

> There is, however, expressly excepted and excluded from the lien and operation of this Indenture the following described property, now owned or hereafter acquired (herein sometimes called Excepted Property): . . . B. Any special assessments, taxes or payments in lieu of taxes that may be received by the Municipality in respect of the Project.

This provision relates to the disposition of payments for special assessments or taxes received by the City, not to the relative priority of the IDR mortgage lien and the SID lien.

The City also cites § 7-12-4183(2)(b), MCA, which provides:

> Delinquent special assessments shall be certified to the county clerk of the county in which the city or town is situated. The county treasurer must collect the delinquent special assessment and taxes in the same manner and at the same time as taxes for general, municipal, and administrative purposes are collected by him. In case they are not paid, the entire property shall be sold in the same manner as property is sold for taxes. . . .

The City argues that the collection procedure for delinquent SID assessments finally resulting in the issuance of a tax deed conclusively sets up the ultimate priority of the SID lien and reduces the IDR bond mortgage to a subordinate position. This is similar to the City's argument concerning § 7-12-4191, MCA. This Court's holding in Mimmack refutes this argument.

The City contends that § 90-5-105(5), MCA, will be violated if the IDR bond mortgage has priority over the SID lien. That section provides:

> No breach of any such agreement [mortgage made by a municipality] shall impose any pecuniary liability upon a municipality or county or any charge upon their general credit or against their taxing powers.

7

Imposition of liability will occur in this case if the SID's are not paid and the liability to pay them reverts to the City as a whole. This imposition of liability will be a direct result of nonpayment of the SID's and only indirectly, at best, a result of the IDR mortgage.

Finally, the City contends that the mortgage lien securing the IDR bonds is not a purchase money mortgage and is otherwise not entitled to priority under § 71-3-114, MCA, because of the leasing arrangement with Northeast Industrial Park, Inc. We need not rule on this argument because we do not apply that statute.

We hold that under the facts of this case the IDR lien has priority under § 71-3-113, MCA, because it was created prior in time to the SID lien. Our holding is limited to factual events such as occurred here, where a governmental body creates a Special Improvement District and issues SID bonds that are a lien on the property of the District which is also subject to a prior IDR lien created by a governmental body. We affirm the decision of the District Court granting summary declaratory judgment to First Trust Company of Montana.

_J. H. Turnage_
Chief Justice

We concur:

_John Conway Harrison_

_Karla M. Gray_

_William E. Hunt Sr._

_Terry Trieweiler_

_Fred J. Weber_

_R. C. McDonough_
Justices

January 21, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


David V. Gliko
City Attorney
P.O. Box 5021
Great Falls, MT  59403

Norman L. Newhall
Alexander, Baucus & Linnell
P.O. Box 2629
Great Falls, MT  59403


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy