[No. 4989.]
[No. 2535 C. A.]

BERGERMAN BROS. V. BEERBOHM, COUNTY TREASURER OF OTERO COUNTY.

**Taxes—Collection—Action for Debt.**

An action for debt cannot be maintained by the county treasurer to recover taxes levied upon personal property where at the time of commencing the action sufficient of the property upon which the tax was levied remained in the county and could have been identified, from which the taxes could have been collected by distress, although the property had been sold and had passed out of the possession of the parties against whom the taxes were levied.

*Appeal from the District Court of Otero County: Hon. John H. Voorhees, Judge.*

Mr. JOHN R. DIXON, for appellants.

Mr. O. G. HESS, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court.

Action by the county treasurer to recover a personal judgment for delinquent taxes. From a judgment in his favor is this appeal.

Our statutes provide that all taxes levied upon personal property shall be and remain a perpetual lien thereon until the amount of such taxes is paid, and if not paid on or before January succeeding such levy that the county treasurer shall collect the same by distress and sale of any of the personal property so taxed, or of any other personal property of the person assessed, and if such property so taxed or

any part thereof shall have been removed from the county wherein the same is taxed, or is so conditioned that the county treasurer cannot find or obtain the same, the county treasurer shall sue the person so taxed in an action of debt.—Mills' Ann. Stats., vol. 2, sec. 3771.

The complaint alleges that the tax involved was levied upon a certain stock of merchandise, store fixtures and other personal property, and that at the time of the institution of this action the same was so conditioned that it could not be found or obtained by the plaintiff (appellee).

Appellee relies upon this statute as authority for this action.

Appellants deny the facts to be within the section, and claim that appellee had a sufficient remedy by distress.

The facts, so far as pertinent, are: May 14, 1898, appellants owned merchandise, store fixtures and other personal property contained in their store in said county of Otero. This property was assessed to them for 1898. August, 1898, they sold the same to one Rayfield. October following the tax in question was levied thereon, amounting to $342.55. When this tax became delinquent appellee notified appellants. Appellants replied that they had sold the property on which the tax was a lien to Rayfield, and requested that he be notified. Rayfield was notified, but refused payment. In January, 1900, just before the bringing of this action, appellee went to the store in question and made some inquiries of a clerk for the purpose of identifying merchandise therein as a part of the assessed stock. There was in the store a part of the assessed property amounting in value to two thousand dollars ($2,000), and it could then have been identified as a part of the assessed property.

At the date of the trial below, April, 1901, store fixtures in value about $400 and a part of the assessed property were in said store, and could have been identified as a part of the assessed property. Property upon which the tax in question was a lien, and sufficient in value to pay such tax, was in appellee's county at the time of the institution of this action. The only reason suggested why this property was not subjected to the remedy of distress is that it could not be identified.

It does not appear that appellee made a reasonable effort to identify the property and to avail himself of the remedy of distress. It does not appear that if he had made such effort it would not have been effectual. This remedy of distress is more expeditious and less expensive than an action at law, and specially provided by statute for the collection of delinquent taxes. The statute does not authorize it to be laid aside and an action at law to be resorted to for the collection of delinquent taxes when it is available.

The undisputed facts do not bring the case within the statute authorizing an action at law.

Judgment reversed.          *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.