STATE EX REL. SPOKANE & EASTERN TRUST CO., RESPONDENT, *v.* NICHOLSON, COUNTY TREASURER, APPELLANT.

(No. 5,812.)

(Submitted September 26, 1925. Decided October 20, 1925.)

[240 Pac. 837.]

*Irrigation Districts—Delinquent Assessments—Sale of Personal Property of Delinquent Unauthorized—Statutes.*

Irrigation Districts — Bonds—Interest—Delinquent Assessments—Sale of Personal Property of Delinquent not Authorized.
1. *Held,* that in the collection of tax or assessment levied by an irrigation district for the payment of the interest on bonds issued by it, the county treasurer is not authorized to seize and sell personal property of a delinquent owner of lands within the district, but must proceed in the manner prescribed by Chapter 173, Part III of the Revised Codes of 1921, as amended by Chapter 96 of the Laws of 1923 for the collection of state and county taxes made a lien upon real property.

Same—Statutory Remedy for Collection of Assessments Exclusive.
2. Where a statute which creates a special tax—such as the tax authorized by the district irrigation statute for the payment of bonds issued by the district—provides a special remedy for its collection, that remedy is exclusive, if adequate.

[74 Mont. 346.]

Statutes—Exceptions—Effect.

　　3. An exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted and excludes all other exceptions, under the doctrine of *expressio unius est exclusio alterius.*

Irrigation Districts—Collection of Assessments—Statutes Relating to Collection of State and County Taxes Inapplicable.

　　4. *Held,* that section 2152, Revised Codes of 1921, providing that "every lien created by this Title" (relating to taxation) has the force and effect of an execution against the personal property of a delinquent taxpayer, has reference only to the collection of taxes for state and county government purposes and has no application to special taxes or assessments levied by an irrigation district for the payment of its bonds or interest thereon.

---

*Expressio unius est exclusio alterius,* 25 C. J., p. 220, n. 17.
Statutes, 36 Cyc., p. 1122, n. 53 New; p. 1164, n. 66.
Taxation, 37 Cyc., p. 1233, n. 67; p. 1234, n. 68; p. 1282, n. 28 New.
Waters, 40 Cyc., p. 825, n. 59 New.

*Appeal from District Court, Cascade County; Stephen J. Crowley, Judge.*

MANDAMUS by the State, on the relation of the Spokane & Eastern Trust Company, against M. D. Nicholson, as County Treasurer of Cascade County, to enforce payment of delinquent irrigation tax by seizure and sale of personal property of delinquent taxpayers. From a judgment directing the writ of *mandamus,* defendant appeals. Reversed.

*Mr. H. R. Eickemeyer, Mr. LaRue Smith, Mr. W. P. Costello* and *Messrs. Cooper, Stephenson & Hoover,* for Appellant, submitted a brief; *Mr. Costello* and *Mr. W. H. Hoover* argued the cause orally.

It has commonly been held by the great weight of authority that an effort by a legislature or a municipality to make a special improvement district assessment a personal obligation of the owner of the land is unconstitutional and void under provisions of constitutions similar to ours, and also under the general "due process" clause of the Constitution. (5 McQuillin, sec. 2086; *Taylor* v. *Palmer,* 31 Cal.

---

　　3. See 25 R. C. L. 983.

240; *Manning* v. *Den,* 90 Cal. 610, 27 Pac. 435; *Craw* v. *Village of Tolono,* 96 Ill. 255, 36 Am. Rep. 143; *Illinois Cent. Ry. Co.* v. *People,* 170 Ill. 224, 48 N. E. 215; *Ivanhoe* v. *City of Enterprise,* 29 Or. 245, 35 L. R. A. 58, 45 Pac. 771; *City of Raleigh* v. *Peace,* 110 N. C. 32, 17 L. R. A. 330, 14 S. E. 521; *Pleasant Hill* v. *Dasher,* 120 Mo. 675, 25 S. W. 566; *Meyer* v. *City of Covington,* 103 Ky. 546, 45 S. W. 769; *Johnson* v. *McHargue,* 32 Ky. Law Rep. 564, 106 S. W. 871; *Asberry* v. *Roanoke,* 91 Va. 562, 42 L. R. A. 636, 22 S. E. 360.)

*Messrs. Gunn, Rasch & Hall,* for Respondent, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

It is argued by counsel for appellant that to make such taxes or assessments as are here involved a personal liability would be violative of the uniformity provision of the revenue article of the state Constitution and of the Fourteenth Amendment. This court has decided that such taxes or assessments are not within the restrictions of or to any extent controlled by the provisions of Article XII of the state Constitution. (*Walden* v. *Bitter Root Irr. Dist.,* 68 Mont. 281, 217 Pac. 646; *In re Valley Center Drain Dist.,* 64 Mont. 545, 211 Pac. 218.)

The argument that to make such taxes or assessments a personal liability would violate the "due process of law" clause of the Fourteenth Amendment is completely answered by the opinion in the case of *Davidson* v. *New Orleans,* 96 U. S. 97, 24 L. Ed. 616 [see, also, Rose's U. S. Notes]. (See, also, *Walston* v. *Nevin,* 128 U. S. 578, 32 L. Ed. 544, 9 Sup. Ct. Rep. 192; *M'Culloch* v. *Maryland,* 4 Wheat. (U. S.) 316, 4 L. Ed. 579; *Litchfield* v. *McComber,* 42 Barb. (N. Y.) 288; *Gest* v. *Cincinnati,* 26 Ohio St. 275; *City of St. Marys* v. *Locke,* 73 W. Va. 30, 80 S. E. 841; *Bangor* v. *Peirce,* 106 Me. 527, 76 Atl. 945; *In re Vacation of Centre St.,* 115 Pa. 247, 8 Atl. 56; *Litchfield* v. *Vernon,* 41 N. Y. 123; *Storrie*

v. *Cortes,* 90 Tex. 283, 35 L. R. A. 666, 38 S. W. 154;
*Mogg* v. *Hall,* 83 Mich. 576, 47 N. W. 553; *City of Lowell*
v. *Wyman,* 12 Cush. (Mass.) 273; *City of New Haven* v.
*Fair Haven & Westfield R. R. Co.,* 38 Conn. 422, 9 Am. Rep.
399; *City of Lincoln* v. *Lincoln St. Ry. Co.,* 67 Neb. 469, 93
N. W. 766.)

MR. JUSTICE STARK delivered the opinion of the court.

The Chestnut Valley Irrigation District was organized in
1920 in accordance with, and by virtue of, Chapter 146 of
the Laws of Montana of 1909, as amended. In the year
of its organization the district issued and sold its bonds to
the extent of $140,000. Prior to the commencement of this
proceeding the relator became the owner of 3,000 of these
bonds. Each year subsequent to the issuance of the bonds
the district levied a tax or assessment upon the lands em-
braced in the district to provide funds for the payment of
the interest on its bonded indebtedness, but many of the
land owners therein did not pay the taxes or assessments
thus levied against their lands, in consequence of which the
interest due on the bonds owned by the relator has not been
paid. There has been no sale of the lands upon which said
taxes and assessments were levied for the purpose of raising
funds with which to pay the same. Each of the delinquent tax-
payers has personal property available for the payment of
said taxes, if such personal property is liable therefor. The
relator made demand upon the appellant, as county treas-
urer, to collect said delinquent taxes by the seizure and
sale of personal property belonging to the delinquents, which
demand was refused. Thereupon the relator filed its petition
in the district court, reciting the facts above set forth, and
asked that a writ of mandate issue, commanding the appel-
lant, as county treasurer, to forthwith enforce the payment
of such delinquent taxes by the seizure and sale of personal
property and effects of the delinquent taxpayers, claiming to

be entitled to this relief under the provisions of section 2152, Revised Codes of 1921. Upon the filing of the petition, an alternative writ of mandate was issued commanding the appellant to seize and sell such personal property as prayed for by the relator, or that he show cause why he had not done so. The appellant appeared in the lower court and filed a motion to quash the alternative writ on various grounds, among them being that the petition does not state facts sufficient to entitle the relator to the issuance of the writ of mandate therein prayed for or for any other relief. This motion was overruled, whereupon the appellant refused to answer or further plead, and a judgment of the court was entered directing the writ of mandate to issue as prayed for, and from this judgment this appeal is prosecuted.

The only matter presented for determination is whether, [1] in the collection of a tax or assessment levied by an irrigation district for the payment of the interest on bonds issued by it, the county treasurer, in making such collection, is authorized to seize and sell personal property belonging to one who has allowed such tax or assessment levied against his land in the district to become delinquent.

Under section 7232, Revised Codes of 1921, all bonds and the interest thereon, issued by an irrigation district, must be paid by revenue derived from a special tax or assessment levied upon all of the lands in the district subject to such tax or assessment, and it is made the duty of the board of commissioners of the district, in the order or resolution adopted by it authorizing and directing the issuance of the bonds, to provide for the annual levy and collection of a special tax or assessment upon all the lands included in the district and subject to such assessment, sufficient in amount to meet the interest on said bonds promptly when and as the same accrues.

Section 7169 declares that the lands included in an irrigation district "shall constitute all the taxable and assessable property of such district," *etc.*

Section 7210, after describing the bonds which are authorized to be issued by the district, makes it the duty of the commissioners to "provide for the levy of a special tax or assessment * * * on all the lands in the district for the irrigation and benefit of which said district was organized"; and by section 7213 the bonds so issued are made "a lien upon all the lands originally or at any time included in the district," and, further: "All such lands shall be subject to a special tax or assessment for the payment of the interest on and principal of said bonds, * * * and said special tax or assessment, shall constitute a first and prior lien on the land against which levied,.to the same extent and with like force and effect as taxes levied for state and county purposes." While the nature of the lien thus defined is the same as the lien for state and county taxes, its force and effect is limited to "the land against which levied."

Section 7240 makes it the duty of the board of commissioners of the district, on or before the second Monday in September of each year, to furnish the county clerk of the county in which the district land is situated a district assessment-roll containing a list of the lands located in the county and embraced within the district, together with the amount of the taxes or assessments against the same for district purposes, which amount shall be entered on the assessment-book of the county prior to the delivery of the duplicate assessment-book to the county treasurer, whereupon it is required that the county treasurer "shall collect such taxes or assessments at the same time and in the same manner as county and state taxes."

Section 7242 provides: "Delinquent sales of land for unpaid taxes or assessments shall be made in the same manner as for state and county taxes in the respective counties where such lands are situated," *etc.*

It thus appears that an irrigation district tax or assessment constitutes a lien upon the land, and that in collecting the

same the treasurer must follow the method prescribed for the collection of state and county taxes, which are made a lien upon real property.

It is the general rule that, when the statute which creates [2] the tax provides a special remedy for its collection, that remedy is exclusive. (*Marion County* v. *Woodburn Merc. Co.,* 60 Or. 367, 41 L. R. A. (n. s.) 730, 119 Pac. 487; *Montezuma Valley W. S. Co.* v. *Bell,* 20 Colo. 175, 36 Pac. 1102; *Bergerman Bros.* v. *Beerbohm,* 34 Colo. 118, 81 Pac. 701; *Du Bignon* v. *Mayor etc. of Brunswick,* 106 Ga. 317, 32 S. E. 102; *Plymouth County* v. *Moore,* 114 Iowa, 700, 87 N. W. 662; *Stafford County* v. *First Nat. Bank,* 48 Kan. 561, 30 Pac. 22; *Richards* v. *County Commrs.,* 40 Neb. 45, 42 Am. St. Rep. 650, 58 N. W. 594; Cooley on Taxation, 3d ed., p. 18; *Brule County* v. *King,* 11 S. D. 294, 77 N. W. 107; *City of Fairbault* v. *Misener,* 20 Minn. 396 (Gil. 347).

An examination of our statutes discloses that the steps to be taken by the county treasurer in the collection of state and county taxes made a lien upon real property, are clearly and explicitly indicated. They are pointed out in Chapter 173, Part III, Revised Codes of 1921, as amended by Chapter 96 of the Session Laws of 1923. The requirements of these statutes are mandatory. The treasurer must advertise and sell the real property as therein commanded. He is not given the option to abandon a sale of the real property and pursue the personal property of the delinquent. The statutory procedure for collecting such taxes being adequate, it is exclusive.

The only exception to the above method which has come [3] to our attention is that mentioned in sections 2253 and 2254, which give the state auditor authority to direct the county treasurer not to proceed to the collection of any tax embraced in the delinquent tax list, when the same amounts to $300 or more, further than to offer for sale but once any property upon which the same is a lien. If there is no pur-

chaser when the property is thus offered for sale, the treasurer is required to report that fact to the state auditor, whereupon the state treasurer, or, in the event of his failure or neglect to do so, the auditor is empowered to bring a suit in the nature of a civil action for the collection of the tax, in which action a writ of attachment may issue.

In 25 R. C. L. 938, the rule deduced from a large number of cases which are cited is thus stated: "It is well settled that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted, and excludes all other exceptions."

If the legislature had intended that in any other instance the treasurer should have the right to resort to a method other than the sale of land, for the collection of taxes of the character under consideration, it would have so declared. Not having made any other exception, all others are excluded. *Expressio unius est exclusio alterius.*

To support their contention that the treasurer should be [4] compelled to collect the amount of these delinquent taxes out of the personal property of the delinquent taxpayers, counsel for relator rely solely upon the language of section 2152, Revised Codes of 1921, which declares: "Every lien created by this Title has the force and effect of an execution duly levied against all personal property of the delinquent." A sufficient answer to this contention is that the lien imposed upon land located in an irrigation district as security for payment of bonds issued by it, and the interest thereon, is not within the provisions of section 2152, for the reason that it is not created by the Title in which that section appears.

The provisions of this section (2152) first appear in the laws of this state as section 82 of an Act concerning revenue, passed by the Legislative Assembly in 1891 (Sess. Laws of 1891, p. 104), except that the words "by this Act" were used in place of the words "by this title." This was a general revenue measure covering the entire subject of the assess-

ment, levy and collection of taxes for the support of the state and county governments. This section was incorporated in the Political Code of 1895 as section 3827, except that the words "by this Act" were changed to read "by this Title," and the Title referred to embraced the entire general law relative to raising revenue for state and county purposes. In the Revised Codes of 1907 the section appears as 2600 of the Political Code, and is embraced in Part III, Title XII, which relates only to the levy and collection of revenue for state and county purposes. In this same Code the original law relative to irrigation districts, which was superseded by Chapter 146 of the Session Laws of 1909, *supra*, appears under Title X of Part III, being sections 2309 to 2393, inclusive. In the' Revised Codes of 1921 the section appears in Part III of the Political Code, which embraces Chapters 157 to 191, inclusive, which cover the same subject mentioned in the Act of 1891 and the Codes of 1895 and 1907 above referred to; whereas the law relative to irrigation districts is found in Part IV, Chapters 29 to 38, inclusive, sections 7166 to 7264, inclusive, of the Civil Code.

From the foregoing it appears that the language of section 2152, upon which counsel rely, has reference only to the lien created by the general revenue laws of the state, and has no application to special taxes or assessments levied by an irrigation district.

Our conclusion is that, in the collection of a tax or assessment levied by an irrigation district for the payment of interest on bonds issued by it, the county treasurer is not authorized to seize and sell personal property belonging to one who has allowed such tax or assessment levied against his land in the district to become delinquent, but must follow the procedure indicated by Chapter 173, Part III, Political Code, Revised Codes of 1921, as amended.

This renders it unnecessary to consider the other interesting questions discussed by counsel in their briefs.

The judgment is reversed and the cause remanded to the district court, with direction to dismiss the proceeding.

*Reversed.*

Mr. Chief Justice Callaway and Associate Justices Holloway, Galen and Matthews concur.

Rehearing denied November 6, 1925.