**AMERICAN SURETY CO. OF NEW YORK v. BAKER.**

No. 9282.

Circuit Court of Appeals, Fifth Circuit.

June 17, 1940.

Rehearing Denied Aug. 10, 1940.

HUTCHESON, Circuit Judge, dissenting.

———◆———

J. L. Doggett and O. O. McCollum, both of Jacksonville, Fla., for appellant.

Frank F. L'Engle, of Jacksonville, Fla., and Thos. M. Linton, of Fernandina, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Myron Ladd, who was old and infirm, entered into a contract with his niece, Mrs. Edythe Short Auchenpaugh (also known as Edythe Baker), whereby Ladd would turn over all his property to Mrs. Auchenpaugh who in turn agreed to support and maintain him for the remainder of his life. On February 13, 1931, Ladd withdrew $424.21 from the bank and gave it to his niece, and on the same day he executed a will in which he left everything he possessed to her. Mrs. Auchenpaugh used the money in the purchase of a parcel of land in Nassau County, Florida, on which property she and Ladd resided and where she supported and cared for him until her death on January 19, 1932.

Albert Earl Baker was appointed administrator of Mrs. Auchenpaugh's estate and as such he carried out the contract and supported Ladd up to the time he was removed as administrator on May 10, 1933. On the day Baker was removed as administrator, Robert Lee DeMasters, a resident of California and brother-in-law of Mrs. Auchenpaugh, was appointed administrator de bonis non cum testamento annexo of the Auchenpaugh estate. Three days after the appointment of DeMasters as administrator Ladd filed proof of his claim against the estate. The Probate Court of Nassau County denied the claim on the ground that it had not been filed within the time allowed by Florida statute for the filing of claims.

On June 16, 1933, Ladd filed his bill of complaint in the Circuit Court of Nassau County and in the bill he sought specific performance of the alleged contract with Mrs. Auchenpaugh. Based upon this bill of complaint a summons in chancery issued from the Circuit Court and was served personally on DeMasters as administrator, and individually. On July 3, 1933, the return day of the summons, DeMasters as administrator and individually filed an appearance in the Circuit Court suit.

DeMasters had petitioned the Probate Court for final discharge and on July 17, 1933, the County Judge of Nassau County entered an order purporting to finally discharge him as administrator of the Auchenpaugh estate. Approximately three weeks after the order of discharge had been entered DeMasters filed a motion to dismiss the bill of complaint filed in the Circuit Court. The motion was granted with leave to amend the bill. The bill was amended and DeMasters failed to defend further. On June 21, 1935, the suit culminated in a decree for specific performance in favor of Ladd.

On January 24, 1936, DeMasters having left Florida with all the assets of the Auchenpaugh estate, demand was made on the American Surety Company of New York,

surety on the administrator's bond of De-Masters, for payment of the amount due under the Circuit Court decree. The Surety Company failed and refused to pay the judgment and thereupon Ladd instituted suit against the surety in the Circuit Court of Nassau County to enforce payment of the final decree in the specific performance suit. On motion of the Surety Company this suit was removed to the United States District Court. On January 28, 1938, under the provisions of the Declaratory Judgment Act, Sec. 274d Judicial Code, 28 U.S. C.A. § 400, the Surety Company filed its bill seeking an adjudication of its liability as surety on the administrator's bond of DeMasters. It also obtained a stay of Ladd's suit which had been removed to the same court.

When the petition for declaratory judgment was heard judgment was rendered against the Surety Company. Myron Ladd died before entry of final judgment and, on motion, Albert Earl Baker, as executor, was substituted as a party defendant to the declaratory judgment suit. On petition of the substituted defendant judgment was entered against American Surety Company. From that final monetary judgment the Surety Company has appealed.

There is no dispute as to the facts which are gathered from the pleadings and the above is a substantial statement of the material facts found in the record.

The Probate Court of Nassau County adjudged that DeMasters, administrator of the Auchenpaugh estate, and the surety on his bond, American Surety Company, were not liable for the claim of Myron Ladd against the estate. The Circuit Court of Nassau County held the administrator, for whose default the surety must answer, liable for the claim. Where does this leave the surety?

Fraud is never presumed yet the hurried action of DeMasters in procuring his discharge from the Probate Court certainly smacks of fraud. Baker, the original administrator, was discharged on May 10, 1933, and DeMasters was appointed as his successor on the same day. Just two days later on May 12th DeMasters gave notice of the presentation of his final accounts and application for discharge. This application for discharge was followed by his purported final discharge on July 17th, two months and five days after his appointment. Ladd filed his claim against the estate three days after DeMasters had been appointed and this claim was denied twenty-nine days later. The claim petition of Ladd contained the following prayer: "That the administrator, cum testamento annexo, etc., * * * DeMasters, be not discharged from his charge until a suitable provision be made for the care and maintenance of your petitioner." Moreover, at the time of his discharge by the Probate Court, De-Masters, as administrator, had informed the Probate Court, under oath, that there were no outstanding claims against the estate, and this when he had just appeared in the Circuit Court of Nassau County to make answer as administrator to the suit for specific performance filed by Ladd against him as administrator of the Auchenpaugh estate. By making this appearance in the Circuit Court he was able to stay judgment there until final settlement and discharge could be effected in the Probate Court. The record fails to disclose that he informed the Probate Court of the suit pending in the Circuit Court. It further appears from the pleadings that a lis pendens notice was filed and recorded on the public records of Nassau County. Our view of the case makes it unnecessary to find that fraud existed.

█ The Circuit Court of Nassau County in rendering a decree against the administrator, DeMasters, was acting in the exercise of its general equity jurisdiction to specifically enforce an alleged contract between Ladd and Mrs. Auchenpaugh. See Executors and Administrators, 24 C.J. p. 766, Sec. 1892.

█ It is all-important as we come to decision to remember that when the Circuit Court assumed jurisdiction of the Ladd suit on June 16, 1933, DeMasters was administrator, undischarged. Process had been served on him and he had appeared and was careful to prevent a judgment in the Circuit Court before he could secure final settlement in the Probate Court.

We are of opinion and so hold that the judgment of the Probate Court discharging DeMasters did not defeat the Circuit Court in the exercise of its previously acquired jurisdiction. Although the final decree of the Circuit Court was not rendered until after the purported discharge of DeMasters, the decree so rendered was binding on DeMasters and consequently upon his surety. Executors and Administrators, 24 C.J. pp. 1069, 1079, Secs. 2564, 2589, note 18;

Stovall v. Banks, 10 Wall. 583, 19 L.Ed. 1036; Dean v. Portis, 11 Ala. 104.

■ . The surety must stand to and answer for the failures and defaults of its principal.

■ DeMasters knew of the pending suit when he sought and obtained final settlement in the Probate Court. In the Circuit Court suit it was his duty to set up by proper plea, such as res judicata, the purported final discharge he had obtained in the Probate Court. This he did not do. Failing in this, his surety cannot now come forward and attack the Circuit Court decree collaterally by contending that there was no liability insofar as the decree of the Circuit Court was concerned, for that judgment is binding upon it. 1 Woerner's Law of Administration (2d Ed.) Sec. 255; Black on Judgments, Sec. 589, note 524; Judgments, 34 C.J. p. 1055, Sec. 1491, note 72; Nevitt v. Woodburn, 160 Ill. 203, 43 N.E. 385, 52 Am.St.Rep. 315; Citizens' State Bank v. Snyder, 181 Iowa 11, 162 N. W. 6; South v. Back, 108 S.W. 230, 32 Ky.Law Rep. 1214; Weyant v. Utah Savings & Trust Co., 54 Utah 181, 182 P. 189, 9 A.L.R. 1119.

On the facts as disclosed by the record DeMasters, as administrator, and consequently his surety, must respond to the final monetary judgment entered in the court below.

The judgment is affirmed.

HUTCHESON, Circuit Judge (dissenting).

The District Court in awarding a money judgment against appellant, and the majority in affirming that judgment here, have proceeded, I think, upon completely erroneous assumptions, as to both the law and the facts. The District Judge and the majority have dealt with this case as though appellee had gotten a judgment against the administrator in the court of his appointment requiring him as such, to pay over moneys of the estate. If this were so, I should agree that the surety was absolutely bound by the judgment and could not defend against it.

But, this is not so. There is no claim that appellee obtained a money judgment against the administrator in the probate court, the court of his appointment and the court in which the surety was given. Quite the contrary is true. For in that court, the judgment was against the claimant. All that is claimed is a pro confesso or default judgment in chancery for the specific performance of the contract sued on against the estate of the administrator for the money value thereof. While it is settled law: that a surety is concluded by a judgment of the probate court establishing a devastavit against the representative; and that a judgment of final settlement in the probate court is conclusive as to the existence and amount of assets. Stewart v. Morrison, 81 Tex. 396, 17 S.W. 15, 26 Am.St.Rep. 821; 24 C.J. Section 2589, page 1080; it is equally well settled that a surety is not bound by a judgment rendered against a representative after his authority as such is terminated or after the surety has been discharged from liability. Id., same page, 1081. It is settled law too that "the recovery of a judgment against a personal representative on a debt of his testator or intestate is not conclusive upon the representative's sureties that there were sufficient assets of the estate to pay the liability thus ascertained." Banks v. Speers, 97 Ala. 560, 11 So. 841, 843. The undisputed facts alleged and shown of record are: not that the surety stands in the position of one against whom or whose principal the probate court has rendered a judgment on the final settlement or a judgment or decree in favor of a creditor, but that the probate court has rendered a judgment discharging the administrator on the very claim now in suit and in addition has finally settled the estate and discharged both the administrator and the surety. Matters standing thus, when the holder of the chancery court judgment brought this suit on it, against the surety, the surety was entitled to defend against the judgment, Banks v. Speers, supra; Lake County v. Massachusetts Bonding & Insurance Co., 5 Cir., 75 F.2d 6; Id., 5 Cir., 84 F.2d 115. It particularly was entitled to defend against it on the ground that it had been discharged from all liability by the failure of the claimant to appeal from the order of the probate court disapproving his claim and from the order finally discharging the administrator, and it is equally clear that, entitled to defend against the suit claimant had brought against it, it had the right to obtain the same relief by the declaratory judgment procedure it followed here.

The District Judge reached the wrong result by ignoring the legal principles

690

which control it; (1) that a surety is not conclusively bound by and may defend against a judgment of a court other than the probate court, and (2) that the surety not having been made a party to the chancery suit, it was not and could not be cut off, by a default judgment taken against his principal, from its defenses to the suit that the judgment of the probate court denying his principal's liability and finally discharging both him and his principal, had not been appealed from and were being collaterally attacked. The court fell into this error by applying to the surety the rule which could have been properly applied to the principal, that the defense was a collateral attack upon the subsequent judgment of the chancery court. The shoe here was on the other foot. The surety had a right to defend against the judgment to which he was not a party and to set up against it the final judgments of the probate court which had not been set aside or in any manner overthrown. By the judgment, here affirmed, a surety is deprived without his day in court, of the protection of the judgments of the court of his principal's appointment, both that disapproving plaintiff's claim and that fully and finally closing the estate and discharging the surety on his bond.

I respectfully dissent.