**UNITED STATES of America, Plaintiff,**

**v.**

**RAVALLI COUNTY CREAMERY, INC., a Montana corporation, et al., Defendants.**

**No. CV 86–54–M–CCL.**

United States District Court, D. Montana, Missoula Division.

April 9, 1987.

Byron H. Dunbar, U.S. Atty., Billings and Kris A. McLean, Asst. U.S. Atty., Butte, Mont., and Myrna B. Silen, Chief Counsel for Claims, Small Business Admin., Washington, D.C., for plaintiff.

Robert B. Brown, Ravalli County Atty., Hamilton, Mont., for defendant Ravalli County Creamery.

## OPINION AND ORDER

JAMESON, Senior District Judge.

The United States brought this action on behalf of the Small Business Administration (SBA) to foreclose the SBA's interest in the real and personal property of Ravalli County Creamery, Inc. The SBA acquired its security interest in the property by assignment from Ravalli County Bank in 1977. At the time the government initiated the action Ravalli County Creamery owed defendant Ravalli County (the county), real and personal property taxes for the years 1982–1985 in the amount of $31,134.14. As a result of Ravalli County Creamery's failure to pay the principal amount of the taxes when due, the county assessed penalties and interest in the amount of $7,033.31. The parties have stipulated that the county's tax lien has priority over the SBA's interest to the extent of the principal amount of the taxes. The sole issue in dispute is whether the county's claim for penalties and interest is also entitled to priority over the SBA's interest.

■ It is clear that state law governs the relative priorities. 15 U.S.C. § 646 provides:

> Any interest held by the [SBA] in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable state law, be superior to such interest if such interest were held by any party other than the United States.

In *United States v. Christensen*, 218 F.Supp. 722, 723 (D.Mont.1963), this court held that section 646, by its own terms, makes state law determinative. Moreover, in *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 740, 99 S.Ct. 1448, 1465, 59 L.Ed.2d 711 (1979), the Supreme Court held: "[A]bsent a congressional directive, the relative priority of private liens and consensual liens arising from [the SBA's] lending [program] is to be determined under nondiscriminatory state laws."

Montana has no statutory provision which would determine the relative priorities in this case. Even absent a statutory provision, however, it is clear that the principal amount of assessed property taxes takes priority over all other interests. In *Christensen* this court held that the principal amount of assessed taxes enjoys a special priority. 218 F.Supp. at 728. Relying on the Montana Supreme Court's holding in *State ex rel. Sparling v. Hitsman*, 99 Mont. 521, 44 P.2d 747 (1935), that penalties and interest are not part of the tax, the court held that penalties and interest do not share in the special priority accorded to the principal amount of the taxes. *Christensen*, 218 F.Supp. at 729. Subsequently,

in *Salvation Army v. State,* 144 Mont. 415, 396 P.2d 463, 465–66 (1964), the Montana Supreme Court, citing *Christensen* with approval, confirmed the distinction between the amount of penalties and interest and the principal amount of taxes. Presumably then, if Montana law continues to recognize this distinction, penalties and interest would enjoy priority solely by virtue of the general rule of "first in time, first in right." *See Kimbell,* 440 U.S. at 740, 99 S.Ct. at 1464, 59 L.Ed.2d 711; Mont.Code Ann. § 71–3–113.

Recognizing that long-standing Montana case law is contrary to its position, the county argues that changes in the Montana Constitution and the Montana Code since *Christensen* direct that penalties and interest be considered part of the principal amount of assessed taxes. The county argues that the rule announced in *Hitsman* was merely a judicial response to the Montana Constitution's prohibition against the reduction or waiver of any liability, including taxes, to the state or any of its political subdivisions.[1] Consequently, the court was compelled to hold that penalties and interest are not part of the principal amount of tax to avoid this constitutional prohibition. Because the present Montana Constitution does not contain a similar provision, the county argues that the rationale for the rule adopted in *Hitsman* is no longer valid.

With respect to the applicable statutory provisions, the county argues that changes in the language of what is now Montana Code Annotated § 15–16–102 [2] indicate the legislature's intent to include penalties and interest in the principal amount of the tax. At the time this court decided *Christensen,* the statute provided:

> One-half (½) of the amount of such taxes shall be payable on or before five o'clock p.m. on the 30th day of November of each year, and one-half (½) on or before five o'clock p.m. on the 31st day of May of each year; provided that unless one-half (½) of such taxes are paid on or

before five o'clock p.m. on the 30th day of November of each year, then such amount so payable shall become delinquent and shall draw interest at the rate of two-thirds (⅔) of one per centum (1%) per month from and after such delinquency until paid and two per centum (2%) *shall be added to the amount thereof as a penalty.* All taxes due and not paid on or before five o'clock p.m. on the 31st day of May each year shall be delinquent and shall draw interest at the rate of two-thirds (⅔) of one per centum (1%) per month from and after such delinquency until paid and two per centum (2%) *shall be added to the amount thereof as a penalty.*

Rev.Code Mont. § 84–4103 (1947) (emphasis added). In 1981, the legislature changed the language of section 15–16–102. *See* 1981 Mont. Laws ch. 576. Presently, the statute provides in relevant part:

> (2) Unless one-half of such taxes are paid on or before 5 p.m. on November 30 of each year, then such amount so payable shall become delinquent and shall draw interest at the rate of ⅚ of 1% per month from and after such delinquency until paid and 2% *shall be added to the delinquent taxes as a penalty.*
>
> (3) All taxes due and not paid on or before 5 p.m. on May 31 of each year shall be delinquent and shall draw interest at the rate of ⅚ of 1% per month from and after such delinquency until paid and 2% *shall be added to the delinquent taxes as a penalty.*

Mont.Code Ann. § 15–16–102 (1985) (emphasis added). The county argues that the only possible purpose for this change in the language is to include penalties and interest in the principal amount of the tax.

Although the constitutional prohibition against legislative reduction or waiver of tax liability was a consideration underlying the Montana Supreme Court's holding in *Hitsman,* the court's reasoning still applies

---

1. Section 39, Article 5 of the 1889 Montana Constitution provided:

   No obligation or liability of any person, association or corporation held or owned by the state or any municipal corporation therein shall ever be exchanged, transferred, remitted, released or postponed, or in any way diminished by the legislative assembly; nor shall such liability or obligation be extinguished except by the payment thereof into the proper treasury.

2. The predecessor of § 15–16–102 is Rev. Code Mont. § 84–4103 (1947).

in the absence of the constitutional prohibition. In *Hitsman,* the court recognized that "interest charged against delinquent taxes is in fact a part of the penalty." *Hitsman,* 99 Mont. at 527–28, 44 P.2d at 750. The court then discussed the nature of a penalty:

> In the exercise of the taxing power the imposition of a penalty is not for the purpose of enhancing the state but for punishing the taxpayer for nonpayment ... and the threat of such penalty is used as a means of inducing property owners to promptly pay the amount due.

*Id.* (quoting *Islais Co. v. Matheson,* 35 P.2d 1051, 1054 (Cal.Dist.Ct.App.1934, *superceded by* 3 Cal.2d 657, 45 P.2d 326, 1935)). The court's description of the nature of the penalties continues to be accurate. *See* 36 Am.Jur.2d *Forfeitures and Penalties* § 2 (penalty defined as "a sum of money of which the law exacts payment by way of punishment for doing some act which is prohibited, or for omitting to do some act which is required to be done"). The nature of penalties and interest is the same, regardless of whether the Montana Constitution contains a provision prohibiting the waiver or reduction of tax liabilities. The county's attempt to attach significance to the absence of a provision similar to section 39 in the present Montana Constitution fails to overcome the clear reasoning of *Hitsman.*

The county's argument with respect to the changes in the statutory language does not convince me that I should deviate from the holding in *Hitsman* and *Christensen.* First, while the county places great emphasis on statutory language, neither this court nor the Montana Supreme Court even considered any statutory language in holding that penalties and interest are not part of the tax. Second, the present version does not expressly state that penalties and interest are part of the tax. It merely states that a specified amount shall be added to the delinquent taxes. Finally, nothing in the legislative history indicates that

in changing the language the legislature intended to redefine the nature of penalties and interest. Rather, the legislative history indicates that the legislature's primary goal in amending section 15–16–102 was to raise the amount of panalties and interest to discourage delinquent payment of property taxes. The title of the final bill which changed the language is:

> An Act to increase the interest for delinquent property tax payment from ⅔ to 1 percent per month to ⅚ of 1 percent per month for the first $3000 per taxpayer of each year's delinquent taxes and 1 percent per month for each year's delinquent taxes in excess of $3000 per taxpayer; amending sections 15–16–101, 15–16–102, and 15–17–303, MCA; and providing an applicability date.

Act of May 1, 1981, ch. 576, 1981 Mont. Laws 1300. The committee hearings on the bill focused on the need to adjust the interest rate on delinquent taxes to prevent taxpayers from "borrowing" from the taxing entities. There is no discussion of the change in language. The draft changes in the bill indicate that the language change was a clerical rather than a substantive change.[3]

■ Having found no constitutional or statutory changes which direct a different result, I conclude that this case is governed by the court's holding in *Christensen.* Accordingly, only the principal amount of the assessed taxes is entitled to priority over the SBA's interest. Because the sale of Ravalli County Creamery's property did not produce sufficient revenue to satisfy any portion of the interests junior to the SBA's mortgage, the SBA is entitled to the amount placed in escrow pending final disposition of this issue.

Based on the foregoing, it is ordered that the funds held in escrow pursuant to the parties' stipulation filed July 7, 1986, are released to the Small Business Administration.

---

3. As originally introduced, the bill retained the previous language. See Sen. Bill No. 42 (Introduced Bill), 47th Leg. The change of language in section 15–16–102 coincides with a change in the format of the section. See Sen. Bill No. 42

(Reference Bill: Free Conference Committee), 47th Leg. Thus, it appears that the language change was intended to accommodate the format change rather than to rewrite Montana Law.

The clerk will send a copy of this opinion and order to counsel of record for each of the parties.